OMAHA FLOUR MILLS COMPANY *vs.* FRANK SANTARPIO.

Suffolk. November 7, 1921. — February 28, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Contract*, What constitutes. *Agency*, Existence of relation.

At the trial of an action upon a contract in writing for a purchase of flour, there was evidence that an agent for the plaintiff had had previous dealings with the defendant relating to from four to six contracts in writing to which the defendant's name had been signed, once by the defendant's twelve year old son in his presence and at the agent's request, and at other times by the agent in the defendant's presence; that all such contracts had been performed by the defendant; that the agent had a conversation with the defendant as to the purchase in question and that they came to terms; that the agent then, believing that the defendant could neither read nor write, made out the contract, said "I'll sign this, Frank" (the defendant's name) and then signed the plaintiff's name by himself as agent and then signed the defendant's name, the defendant all the time standing at his elbow, and that then a copy of the contract was given to the defendant. *Held*, that

(1) It could have been inferred that, when the agent said, "I'll sign this, Frank," it was the defendant's name that was to be signed, and that that was intended by the agent and so understood by the defendant;

(2) It was a question of fact for the jury whether the signature was authorized by the defendant.

CONTRACT for breach of an agreement in writing whereby the defendant agreed to purchase three hundred and ten barrels of flour from the plaintiff. Writ in the Municipal Court of the City of Boston dated December 24, 1920.

Upon removal to the Superior Court, the action was tried before *Dubuque*, J. Material evidence is described in the opinion.

After the testimony described in the opinion had been given, the judge stated that he did not consider that a *prima facie* case had been made out as to the execution of the contract by the defendant. Counsel for the plaintiff stated that he had no further evidence of the execution of the contract, and offered to proceed with evidence in support of other allegations of the declaration. Counsel for the defendant stated that "the only question raised by him was simply that of execution." The judge then ruled that, the plaintiff having failed to show the execution by the defend-

ant of the written contract upon which he relied in his single count in the declaration, a verdict should be returned for the defendant. The verdict was returned; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*R. S. Wilkins*, for the plaintiff.

*D. Lichtenstein, B. H. Chertok & J. M. Gove*, for the defendant.

CROSBY, J.  This is an action of contract to recover damages for the breach of a written agreement, entered into on September 21, 1920.  The only witness at the trial was one Wedge, a salesman of the plaintiff, who testified that the defendant was a baker with whom he had had business dealings for about four or five years previous to September 21, 1920; that on that date he called at the defendant's place of business and requested him to buy some flour; that after further conversation the defendant said to him, "All right.  I will take a car."  The brand and size of the packages having been agreed upon, the witness thereupon took out his order book and made out the contract, the defendant standing at his elbow; before signing the witness said to the defendant, "I'll sign this, Frank," and then signed "Omaha Flour Mills Co. by A. J. Wedge" in the place for the seller's name; and Frank Santarpio in the place for the buyer's name; that while he was writing, the defendant was standing by his side. He further testified that he thought the defendant could not read nor write, having been told so; that when he had previous business dealings with the defendant while representing the plaintiff, or the Washburn-Crosby Company, the same form of written contract as Exhibit 1 was made out by the witness, and that he filled in the blank spaces; that he had sold the defendant about two thousand barrels of flour, covered by four to six contracts in the same form as that upon which this action is brought; that when the earlier sales were made he filled in all the blank spaces except on one occasion when the signature of the defendant was written by the latter's twelve year old son at the request of the witness, in the presence of the defendant.  Copies of these contracts were admitted in evidence.

The witness also testified that in making all the contracts with the defendant he had followed his usual practice of preparing four copies: a blue original for the mill, a yellow copy for the

purchaser, a white one to be kept in the branch office of the plaintiff in Boston, and a tissue which remains in the salesman's book. At the trial the plaintiff offered in evidence the contract, Exhibit 1, which is annexed to the declaration and appears to be the original. This evidence was excluded by the trial judge, as was the yellow copy, given by the witness to the defendant. A verdict was directed for the defendant on the ground that the plaintiff had failed to show the execution of the contract by the defendant. To the exclusion of the evidence so offered, and to the direction of the verdict, the plaintiff excepted.

The question is whether the jury would have been warranted in finding that the salesman Wedge was authorized by the defendant to sign his name to the contract. We are of opinion that it could not have been ruled as matter of law that there was no evidence to show that Wedge was so authorized, but it was a question of fact for the jury to determine. It is plain that Wedge could have been the agent of the defendant for that purpose. "Where the principal is present, the act of signing . . . is to be deemed his personal act, as much as if he held the pen, and another person guided his hand." Story on Agency, § 51. If the name of the defendant was written by Wedge in the presence of the defendant and at his request or by his consent, express or implied, it is his act. *Gardner* v. *Gardner*, 5 Cush. 483. *Wood* v. *Goodridge*, 6 Cush. 117. *Martin* v. *Maguire*, 7 Gray, 177. *Burns* v. *Lynde*, 6 Allen, 305, 309, 310. *Finnegan* v. *Lucy*, 157 Mass. 439.

From the evidence that in previous dealings in the purchase and sale of flour the witness Wedge signed the defendant's name to contracts in the same form as that declared on in the present action, and the evidence that the defendant could not write, it could have been inferred that when Wedge said to him, "I'll sign this, Frank," it was the defendant's name that was to be signed, and was so intended by Wedge and so understood by the defendant; and that the latter having made no objection he thereby authorized it. There would have been no occasion for Wedge to announce his intention of signing, merely for the purpose of writing his own or his employer's signature. It follows that the original contract and the copy were admissible. A verdict could not properly have been directed for the defendant.

*Exceptions sustained.*