BARBARA CACCAVO, administratrix, *vs.* MILDRED E. KEARNEY & others.

Suffolk.    October 4, 1933. — May 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Insurance,* Motor vehicle liability.    *Motor Vehicle,* Registration.    *Estoppel.*

Upon application by a woman who had no title to an automobile, an insurance company issued to her, as the insured, a policy of compulsory motor vehicle liability insurance covering the automobile, which provided, as required by G. L. (Ter. Ed.) c. 175, § 113A, that "No statement made by the Assured or on his behalf either in securing this Policy or in securing the registration of the motor vehicle . . . covered thereby . . . shall operate to defeat or avoid this Policy so as to bar recovery . . . by a judgment creditor proceeding under" G. L. (Ter. Ed.) c. 214, § 3 (10). The company certified the issuance of such policy upon an application by the woman, as owner, for registration of the automobile, which was issued to her. The registration and the policy remained uncancelled at a subsequent time when a death resulted from the operation of the automobile upon a public way by one with the knowledge and consent of the woman. At the trial of actions by the administrator of the decedent's estate against the woman and the operator of the automobile, the jury were instructed that the automobile could be found to have been a trespasser on the way. The insurance company, upon discovering the fact that the woman had no title to the automobile, had notified her and the operator that it would not defend the actions and would not be responsible for any verdicts rendered for the administrator. There was a verdict and judgment in favor of the administrator in each action. In a suit in equity by him to enforce the judgments under said c. 214, § 3 (10), a decree in the plaintiff's favor was entered. *Held,* that

(1) Although the automobile was a trespasser on the way because of the illegal registration thereof, the insurance company, in the circumstances, by reason of G. L. (Ter. Ed.) c. 90, § 34B, and the provision of the policy above quoted, was estopped, as against the plaintiff, to deny the issuance of the policy or its validity;

(2) The decree was proper.

BILL IN EQUITY, filed in the Superior Court on July 25, 1932, described in the opinion.

The suit was heard by *Gray,* J., on an agreed statement of facts.    Material facts are stated in the opinion.    By order

of the judge, a decree in the plaintiff's favor was entered. The defendant The Employers' Liability Assurance Corporation, Limited, appealed.

*R. B. Coulter*, for the defendant The Employers' Liability Assurance Corporation, Limited.

*A. B. Goodspeed*, (*R. E. Kempton* with him,) for the plaintiff.

RUGG, C.J. The plaintiff seeks by this suit to reach and apply the avails of an insurance policy issued by the defendant, The Employers' Liability Assurance Corporation, Limited (hereafter called the insurer), to the satisfaction of judgments in actions at law obtained by the plaintiff against the other two defendants for negligently causing the death of the plaintiff's intestate. In March, 1930, the plaintiff's intestate, upon a public way within the Commonwealth, received fatal injuries as the result of the operation of a motor vehicle registered as hereafter described in the name of the defendant Eleanor M. Kearney and operated with her knowledge and consent by the defendant Mildred E. Kearney. At the trial of the actions, in which judgments against the Kearneys were recovered, the jury were instructed that the motor vehicle in question could be found to be a trespasser upon the highway and that the defendant Eleanor M. Kearney could be found legally responsible for the operation of the motor vehicle by the defendant Mildred E. Kearney under St. 1928, c. 317, § 1. The insurer refused to pay the judgments. The case was submitted upon an agreed statement of facts. A decree was entered in favor of the plaintiff. The insurer appealed. Further material facts are that the defendant Eleanor M. Kearney applied to the insurer for a motor vehicle liability policy in accordance with St. 1925, c. 346, as amended, as to compulsory motor vehicle insurance and that such policy was issued and was not cancelled prior to the accident here in question. The application of the defendant Eleanor M. Kearney for registration of the motor vehicle in accordance with G. L. c. 90, § 2, as amended, was duly received by the department of public works of the Commonwealth and was accompanied by a certificate, executed by an agent of the insurer, stating that the insurer

had issued to the applicant a motor vehicle liability policy of the form and nature required by St. 1925, c. 346, as amended, such policy to be effective on January 1, 1930, and to expire on December 31, 1930. The application stated that the applicant was owner of the motor vehicle in question. That motor vehicle was required to be insured under St. 1925, c. 346, as amended. Upon that application a certificate of registration for the motor vehicle was issued to the defendant Eleanor M. Kearney on or about January 1, 1930, which had not been cancelled or annulled at the time of the fatal accident to the plaintiff's intestate. The motor vehicle described in the declarations attached to the policy and certificate and thus accurately identified is the motor vehicle involved in that accident. The plaintiff's intestate was not an employee of either of the individual defendants and was not entitled to benefit under the workmen's compensation act. (G. L. [Ter. Ed.] c. 152.) The defendant Eleanor M. Kearney at no time had a legal or equitable title to the motor vehicle. She never drove it. She had no license to operate it. It was purchased by her brother, Frank Kearney, who was husband of the defendant Mildred E. Kearney. When the fact as to ownership was discovered by the insurer, it immediately notified the other two defendants that it would not be responsible for any verdict rendered against either of them and would decline to defend actions against them, and that all its conduct in the premises would be under full reservation of all its rights. The defence of those actions against the individual defendants was assumed by personal counsel for the individual defendants.

Pertinent statutory provisions are these: "No motor vehicle . . . shall be registered . . . unless the application therefor is accompanied by a certificate as defined" in § 34A; that is to say, a certificate that the motor vehicle is insured under the compulsory insurance law. St. 1925, c. 346, § 1 (G. L. [Ter. Ed.] c. 90, § 1A).

"Any company issuing a certificate through a duly authorized officer or agent, which is filed with the registrar in connection with the registration of a motor vehicle, shall be estopped to deny the issue or execution of a motor

vehicle liability policy . . . as set forth therein." St. 1925, c. 346, § 2, as amended (G. L. [Ter. Ed.] c. 90, § 34B).

No "statement made by the insured . . . either in securing the policy or in securing registration of the motor vehicle . . . covered thereby, no violation of the terms of the policy and no act or default of the insured, either prior or subsequent to the issue of the policy, shall operate to defeat or avoid the policy so as to bar recovery within the limit provided in the policy by a judgment creditor" proceeding under G. L. c. 175, § 113, and c. 214, § 3 (10). St. 1925, c. 346, § 4, as amended (G. L. [Ter. Ed.] c. 175, § 113A [5]).

The pertinent provisions of the policy issued by the insurer to Eleanor M. Kearney are these:

"The unqualified term 'Assured' wherever used in Insuring Clause I of the Policy or in any Agreements or Conditions to which Insuring Clause I is subject shall include in each instance not only the named Assured but also any other person, firm or corporation responsible for the operation of the Assured's motor vehicle with the express or implied consent of the named Assured insured hereunder."

This ". . . Policy covers . . . bodily injuries, including death at any time resulting therefrom accidentally sustained by any person or persons, other than employees engaged in operating or caring for the motor vehicles . . . covered, as the result of the ownership, maintenance, operation, or use of any of the motor vehicles . . . enumerated and described in Item 7 of the Declarations."

"No statement made by the Assured or on his behalf either in securing this Policy or in securing the registration of the motor vehicle . . . covered thereby and no violation of the terms of this Policy and no act or default of the Assured, either prior or subsequent to the issuance of this Policy, shall operate to defeat or avoid this Policy so as to bar recovery within the limit provided in this Policy by a judgment creditor proceeding under the provisions of Section 113 of Chapter 175 and Clause 10 of Section 3 of Chapter 214 of the General Laws."

The words of the statutes and of the policy issued pur-

suant thereto must be construed together and interpreted in the light of the dominant design of the General Court in undertaking to deal with the subject of motor vehicle insurance. The statutes were enacted after a thorough investigation by a legislative committee into the evils arising from the negligent operation of motor vehicles upon the highways. The main purpose was to make provision for security in the collection of compensation for damages resulting from such negligent operation. These remedial statutory provisions are to be interpreted liberally to suppress a recognized wrong and to advance the remedy. Their plain purpose was that all motor vehicles registered for use in this Commonwealth should be protected in the manner provided, so that persons injured by their operation might have some security for the collection of damages sustained. *Opinion of the Justices*, 251 Mass. 569, 594–595, 601, 608. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 535–536, and cases cited.

It is assumed in favor of the insurer, but without so deciding, that the statement in the agreed facts to the effect that Eleanor M. Kearney at no time had legal or equitable title to the motor vehicle in .question excludes her from relation to it as bailee. That relation to a motor vehicle has been held to be enough to warrant registration in the name of a bailee on the ground that "owner" in G. L. c. 90, § 2, to the effect that "Application for the registration of motor vehicles . . . may be made by the owner thereof," is broad enough to include bailees. *Downey* v. *Bay State Street Railway*, 225 Mass. 281. *Hurnanen* v. *Nicksa*, 228 Mass. 346, 350. See *Eaton* v. *Lynde*, 15 Mass. 242; *Burke* v. *Savage*, 13 Allen, 408; *Adams* v. *O'Connor*, 100 Mass. 515, 517. We do not pause to discuss that question. In any event, there is nothing in the record to indicate that this motor vehicle was in the possession of Eleanor M. Kearney or that she was bailee of it.

The motor vehicle in question doubtless was illegally registered in the name of Eleanor M. Kearney as owner. Her brother was the owner. It is the legislative purpose that motor vehicles shall be registered in the name of the

owner. If not so registered, they are trespassers upon the highway. *Fairbanks* v. *Kemp*, 226 Mass. 75, 78. *Rolli* v. *Converse*, 227 Mass. 162. *Roselli* v. *Riseman*, 280 Mass. 338, 339. That, however, is not decisive as to the liability of the insurer.

. The insurer is estopped by the terms of the statutes already quoted to deny the issuance of the policy covering the motor vehicle involved in this accident. Eleanor M. Kearney was the assured named in that policy. It is provided, both by statute and the policy already quoted, that no statement made by the assured in securing the policy, or the registration of the motor vehicle covered thereby, no violation of the terms of the policy, and no act or default of the insured, shall defeat the policy or bar recovery in a proceeding like the present. These onerous conditions and stipulations were voluntarily accepted by the insurer in issuing the policy. The false assertion by Eleanor M. Kearney in the application for registration and for insurance, that she was owner of the motor vehicle, comes within the sweep of the descriptive statement of matters already enumerated and quoted which, under the governing statutes and under the terms of the policy, do not prevent a plaintiff from prevailing in a suit like the present against the insurer. The motor vehicle in question was a trespasser on the highway, not because it was not insured but because not registered in the name of its owner. The validity of the policy in the circumstances disclosed cannot be disputed by the insurer as against the plaintiff.

The case at bar is distinguishable from *Liddell* v. *Standard Accident Ins. Co.* 283 Mass. 340. In that case the plaintiff recovered judgment against a dealer in motor vehicles on the ground that the latter had participated in the creation of a nuisance on the highway by giving a false standing of apparent legality through lending his number plates as dealer to one to whom he had sold and delivered possession and entire control of the motor vehicle in question on a conditional sale agreement. *Liddell* v. *Middlesex Motor Co.* 275 Mass. 346. In such conditions the motor vehicle, while in the possession and entire control of the conditional

vendee, could not under the governing statutes be operated on a public way under the number plates of the dealer, nor be protected by the insurance policy issued to the dealer. It was held that that plaintiff in those circumstances could not reverse the position taken by him at the trial of his action of tort to recover compensation for his personal injuries, when he brought suit against the insurer under G. L. (Ter. Ed.) c. 175, §§ 112, 113, and c. 214, § 3 (10), to reach and apply the proceeds of the insurance policy to satisfy his judgment for such personal injuries, and recover against the insurer on the theory that the motor vehicle was protected by the policy of insurance issued to the dealer and hence had not in truth been a nuisance on the highway. Plainly, it would have been contrary to sound legal principles to permit a plaintiff to recover judgment in an action at law on one ground and to enforce in equity against the insurer that judgment on a ground inconsistent with that on which the judgment in the action at law was obtained. The plaintiff in the present suit could not rightly have recovered in her actions against the individual defendants on the ground that the motor vehicle was not insured as required by the compulsory insurance law. There is nothing to indicate that she did recover on that ground. There is no incompatibility, either in law or in the fundamental ethical rules of right and wrong, between her position in those actions, as disclosed on this record, and her position in the present proceeding.

The case at bar is also distinguishable from *Rondina* v. *Employers' Liability Assurance Corp. Ltd.*, *ante*, 209. In that case the plaintiff sought to enforce against the insurer a judgment recovered against one who by no stretch of legal fiction could be held to have been responsible for the operation of the motor vehicle by the express or implied consent of the named assured. Hence the coverage of the policy did not include the judgment then sought to be enforced.

*Decree affirmed with costs.*