ARTHUR G. WHEELER *vs.* LEO D. O'CONNELL & another.

Suffolk.   November 12, 1936. — June 29, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Insurance*, Motor vehicle liability.   *Words*, "Liability to pay damages."

One who recovered a judgment for injuries caused by wilful, wanton and reckless conduct of the operator of a motor vehicle, without negligence or gross negligence, was entitled to enforce a policy of motor vehicle liability insurance issued under G. L. (Ter. Ed.) c. 90, § 34A.

BILL IN EQUITY, filed in the Superior Court on April 6, 1936, with a writ of summons and attachment dated March 13, 1936.

The decrees described in the opinion were entered by order of *Walsh*, J. The defendant Service Mutual Liability Insurance Company appealed from both decrees.

*G. E. Thompson*, for the defendant insurance company.

*F. L. Kozol*, (*Lee M. Friedman* with him,) for the plaintiff.

PIERCE, J. This is a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), to enforce satisfaction of a judgment against Leo D. O'Connell, the operator of a motor vehicle owned by one Bell and insured by the defendant Service Mutual Liability Insurance Company under a motor vehicle liability insurance policy issued, in terms, in compliance with G. L. (Ter. Ed.) c. 90, § 34A. The defendant insurance company filed a demurrer to the bill of complaint for the alleged reason "that the matters contained therein are insufficient in law to enable the plaintiff to maintain his action." This demurrer was overruled by an interlocutory decree. Thereafter, when the parties agreed that there would be no further pleadings by either of them, a final decree was entered ordering the insurance company to pay

the amount of the execution against the defendant O'Connell. The case is before this court on the appeals of the insurance company from the interlocutory and final decrees.

The facts as they appear directly or by inference in the bill of complaint are in substance as follows: On April 29, 1935, at seven in the evening the plaintiff was an investigator and examiner, duly appointed by the registrar of motor vehicles under G. L. (Ter. Ed.) c. 90, § 29, with all the powers therein described, which include the power "to arrest any person who violates any provision of this chapter." On April 29, 1935, he observed the defendant O'Connell operating a truck, owned by one Bell, on Elm Street, a public highway in the city of Somerville, in such a wilful, wanton and reckless manner "that the lives and safety of the public might be, and in fact were, endangered thereby" and recognized that such conduct was in violation of G. L. (Ter. Ed.) c. 90, § 24. In performance of his official duty the plaintiff caused the truck to stop; he got on its left running board, showed his badge, identified himself as a motor vehicle inspector, and asked O'Connell to show his license and the truck's certificate of registration. O'Connell heard what the plaintiff said, looked at his badge, answered, "I don't care who you are," started the truck forward and gave the plaintiff a push on the shoulder with his hand. The plaintiff reached in, turned and removed the switch key, and thereby cut off the power. Pending this completed action O'Connell turned the truck sharply to the right which caused the plaintiff to lose his balance and to receive severe injuries to his left hand.

Some time thereafter O'Connell pleaded guilty in a criminal court to a charge of so negligently operating the truck that the lives or safety of the public might be endangered and to a further charge of refusing to show his operator's license when required to do so by an examiner appointed by the registrar of motor vehicles. To recover for his injuries the plaintiff sued O'Connell in an action of tort in the Municipal Court of the City of Boston. At the trial of that case the judge found "that the plaintiff received his injury as a result of wilful, wanton and reckless conduct

of O'Connell, and that there was no negligence or gross negligence," and assessed damages in the sum of $640. That case went to judgment and execution issued for $663.75. Due demand for payment was made on both O'Connell and Service Mutual Liability Insurance Company, and when thirty days had elapsed without satisfaction of the judgment this suit was commenced.

On the above facts the issue raised by the defendant insurance company is "whether a motor vehicle liability policy as defined by G. L. c. 90, § 34A, comprehends an injury caused by the wilful, wanton and reckless act of the operator of a motor vehicle and provides protection to a traveller on the highway who suffers personal injury by reason of such conduct." The insurance company directs attention to the fact that there is no copy of the policy in the record, but admits in argument that the policy was issued in accordance with the provisions of G. L. (Ter. Ed.) c. 90, § 34A, and further admits that it must be presumed to contain the matters of substance required by the statute. See *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 535. In support of its demurrer the insurance company contends that said § 34A protects only persons injured "in accidents caused by negligence"; that said § 34A defines a motor vehicle liability policy as a policy of liability insurance which provides indemnity for the insured and any person responsible for the operation of the insured's motor vehicle with an express or implied consent against loss by reason of the liability to pay damages to others for bodily injuries, including death, sustained during the term of said policy, and "arising out of the ownership, operation, maintenance, control or use upon the ways of the commonwealth of such motor vehicle, to the amount or limit of at least five thousand dollars on account of injury to or death of any one person, and, subject to such limits as respects injury to or death of one person, of at least ten thousand dollars on account of any one accident resulting in injury to or death of more than one person, or a binder as defined in section one hundred and thirteen A of said chapter one hundred and seventy-five providing indemnity or protection as afore-

said pending the issue of such a policy." Confessedly the policy which is here involved was in full force and effect when the plaintiff was injured by the wilful, wanton and reckless conduct of O'Connell, who was the servant and employee of Bell, and at the time of the injury complained of was just finishing his day's work and was on his way back to the garage where the truck was kept.

At the outset it should be observed that the principles laid down in the cases dealing with ordinary insurance policies are not controlling in the case at bar. As was said in *Guzenfield* v. *Liberty Mutual Ins. Co.* 286 Mass. 133, 135, speaking of the effect of G. L. c. 90 when amended by St. 1925, c. 346, St. 1928, c. 381, and St. 1930, c. 340: "Detailed discussion of these cases [cited] is unnecessary since in the case before us there is present an element, lacking in them, which we deem of supreme importance," in that "The policy here in question was issued to meet the requirements of our statute of compulsory motor vehicle insurance," and "It is to be construed in connection with that statute and the public policy embodied therein." In this connection see also *Taxeira* v. *Arter*, 292 Mass. 537; *Royal Indemnity Co.* v. *Perry*, 296 Mass. 149, 152. The words, "liability to pay damages" in G. L. (Ter. Ed.) c. 90, § 34A, taken literally and given their ordinary meaning, would include liability arising by reason of wilful conduct as well as negligence in the operation of the motor vehicle. The cases relied on by the defendant, *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 448, and *Sontag* v. *Galer*, 279 Mass. 309, 311, point out that the wording of the statute differs from the language of the policies there in question.

It must be conceded to the defendant that the court will hesitate in an ordinary case to attribute to general words as broad a meaning as is here sought by the plaintiff to be read into the statute quoted, *Gast* v. *Goldenberg*, 281 Mass. 214, but this principle of construction is here inapplicable unless the terms of the statute or the provisions of the policy afford some reason for limiting the broad scope of the words as construed by the trial judge. Unless some

reason appears for limiting the scope of the general words used in the statute it is plain they should be given their ordinary broad meaning.

The purpose of the compulsory motor vehicle insurance law is not, like ordinary insurance, to protect the owner or operator alone from loss, but rather is to provide compensation to persons injured through the operation of the automobile insured by the owner. In speaking of the grounds for justification of the statute in question, it was said in *Opinion of the Justices*, 251 Mass. 569, 596: "The most important is the great uncompensated damage now caused by motor vehicles to innocent travellers upon the public ways." And it has been pointed out by this court in many cases that the protection of the traveller on the public ways is the fundamental basis of the statute. *Rose v. Franklin Surety Co.* 281 Mass. 538. *O'Roak v. Lloyds Casualty Co.* 285 Mass. 532, 535. *Guzenfield v. Liberty Mutual Ins. Co.* 286 Mass. 133, 136. *Caccavo v. Kearney,* 286 Mass. 480, 484. *Boudreau v. Maryland Casualty Co.* 287 Mass. 423. *Dickinson v. Great American Indemnity Co.* 296 Mass. 368, 372. The insurance company directs attention to the fact that many cases speak only of persons injured through the negligence of the operator; but, if the purpose of the statute is to compensate the injured party rather than to save the operator of the vehicle from loss, it is difficult to see why an injured person's rights should be affected by the fact that the operator's conduct was wilful, wanton or reckless as distinguished from negligent. The evil intended to be remedied is as certainly present in the one case as in the other. The cases cannot be taken as laying down the proposition that nothing but injuries caused by negligence is covered by the statute. Unless the rights of the injured party are purely derivative, as they are in the case of ordinary insurance, there is no justifiable basis for making a distinction between conduct of the operator which was wilful, wanton or reckless, and conduct which is in some degree negligent. Despite the fact that the statute declares that the policy shall provide "indemnity for or protection to the insured," various pro-

visions of the statute demonstrate that it was not the intention of the Legislature that the rights of the injured should depend on the rights of the insured or of the operator of the motor vehicle. Thus it is provided in G. L. (Ter. Ed.) c. 175, § 113A (5) "That no statement made by the insured or on his behalf . . . in securing the policy . . . no violation of the terms of the policy . . . shall operate to defeat or avoid the policy so as to bar recovery within the limit provided in the policy by a judgment creditor proceeding under the provisions of said section one hundred and thirteen and clause (10) of section three of chapter two hundred and fourteen." *Warecki* v. *United States Fidelity & Guaranty Co.* 270 Mass. 233. *Caccavo* v. *Kearney*, 286 Mass. 480. *Royal Indemnity Co.* v. *Perry*, 296 Mass. 149. Moreover, if the policy under consideration had contained an express exception against liability for injuries caused by the wilful conduct of the operator, such a policy would be in violation of G. L. (Ter. Ed.) c. 175, § 113A, as containing an exception or exclusion "as to specified accidents or injuries or causes thereof." It is plain that the rights of the injured party are not purely derivative and therefore the nature of the conduct of the operator is immaterial.

The insurance company further contends that, since a policy indemnifying an insured against liability due to his wilful wrong is void as against public policy, the court should not construe the statute as covering injuries due to wilful conduct. Such is the undoubted rule applicable to ordinary insurance. *Hatch* v. *Mutual Life Ins. Co.* 120 Mass. 550. *Davis* v. *Royal Arcanum*, 195 Mass. 402, 408. *Slocum* v. *Metropolitan Life Ins. Co.* 245 Mass. 565, 570. *DeMello* v. *John Hancock Mutual Life Ins. Co.* 281 Mass. 190, 195–196. See *Todd* v. *Traders & Mechanics Ins. Co.* 230 Mass. 595, 599; *Reagan* v. *Union Mutual Life Ins. Co.* 189 Mass. 555. The principle is not applicable here for reasons above stated, and the statute should be construed as including liability for injuries due to a wilful wrong. The statute itself is declaratory of public policy applicable to compulsory insurance and supersedes any rule of public policy which obtains in ordinary insurance law.

Without further consideration, we think that the interlocutory decree should be affirmed, and that the final decree should be affirmed with costs.

*Ordered accordingly.*