MARGARET FALLON *vs.* ROBERT C. MAINS & others.

Suffolk.    December 9, 1938. — January 30, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Insurance,* Motor vehicle liability.

By reason of the provisions of G. L. (Ter. Ed.) c. 175, § 113A (5), it was no defence to a suit against the insurer in a policy of compulsory motor vehicle liability insurance under c. 175, § 113, and c. 214, § 3 (10), that the judgment debtor who operated the motor vehicle was the owner thereof but had procured its registration and insurance in the name of a third person with his consent by falsely representing him to be the owner.

BILL IN EQUITY, filed in the Superior Court on January 10, 1938.

From a final decree entered by order of *T. J. Hammond,* J., the Canton Mutual Insurance Company appealed.

*D. A. Lynch,* for the defendant The Canton Mutual Liability Insurance Company.

*L. Jablon, H. C. Kagan, & A. B. Cohen,* for the plaintiff, submitted a brief.

RONAN, J. The plaintiff, who had recovered a judgment against the defendant Mains for personal injuries sustained on March 7, 1937, by reason of being struck by an automobile owned and operated by him, but registered and insured in the name of the defendant Stiles, brings this bill under G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10), to reach and apply in satisfaction of her judgment the liability of the defendant insurance company under a policy issued in accordance with G. L. (Ter. Ed.) c. 90, §§ 34A–

34J, to the defendant Stiles. The insurance company appealed from a final decree ordering it to pay the plaintiff's judgment.

The evidence is reported and the judge has made findings of fact. It is our duty to examine the evidence and to decide the case according to our own judgment, but, as we have not had the opportunity of seeing and hearing the witnesses, the findings of the judge based upon their testimony are not to be reversed unless shown to be plainly wrong. *Berman* v. *Coakley,* 257 Mass. 159. *Markiewicus* v. *Methuen,* 300 Mass. 560.

It appears from the testimony that, in the fall of 1936, Mains arranged with his nephew, the defendant Stiles, to register and insure his automobile in Stiles's name for the year 1937, and to retain the use and possession of it. Mains was a poor risk, and was apprehensive that he might not be able to secure such insurance in his own name. He signed the necessary papers for registration and insurance in Stiles's name and the automobile was so registered and insured. Stiles, who resided in South Acton, knew that this automobile, in which he had no interest but which was registered in his name, was kept in Boston, where Mains lived, and that the latter was using it in his business. On February 27, 1937, Stiles asked Mains to change the registration out of Stiles's name. The evidence supported the finding that Mains's conduct in procuring the registration of the automobile and securing the automobile compulsory insurance and the subsequent use of the automobile at the time the accident occurred were with the express consent of Stiles. If Stiles were the owner of the automobile, such a finding would make Mains responsible to him for the operation of the automobile at the time of the accident, and would fasten liability upon the insurance company. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532. *Guzenfield* v. *Liberty Mutual Ins. Co.* 286 Mass. 133. *Boudreau* v. *Maryland Casualty Co.* 287 Mass. 423.

The judge, however, was right in finding that the automobile was owned by Mains and not by Stiles. The company contends that it intended to contract only with Stiles

and as "Mains falsely and fraudulently represented to the
. . . company that the automobile in question was owned
by Lester Stiles. . . . no valid contract of insurance re-
sulted." The only misrepresentation shown was relative to
the ownership. The company entered into a contract with
Stiles, as it had intended, and issued a policy that covered
the operation of the automobile in question. There was
no mistake in the identity of the parties or of the subject
matter. We need not decide what remedy the company
might have against Stiles or Mains. This is not in issue.
The plaintiff's right to have recourse to the policy came
into existence upon the occurrence of the accident, and the
extent to which she could enforce her rights was limited to
the amount of the judgment rendered in her favor. The
rights under the policy of the insured or of the company
could not, subsequently to the accident, be modified to
the detriment of the plaintiff. *Vance* v. *Burke,* 267 Mass.
394. *Warecki* v. *United States Fidelity & Guaranty Co.* 270
Mass. 233.

The statements made by Mains at the time the policy
was secured could be found to have been made in behalf
of Stiles, who then became the insured, and the company
is inhibited by G. L. (Ter. Ed.) c. 175, § 113A (5), from
relying upon such statements as a defence to the satisfac-
tion of the plaintiff's claim. *Royal Indemnity Co.* v. *Perry,*
296 Mass. 149. *Wheeler* v. *O'Connell,* 297 Mass. 549. The
case is settled in principle by *Caccavo* v. *Kearney,* 286 Mass.
480, where the insured never had any title to the automo-
bile and this court said at page 485: "The validity of the
policy in the circumstances disclosed cannot be disputed by
the insurer as against the plaintiff." The case of *Rondina*
v. *Employers' Liability Assurance Corp. Ltd.* 286 Mass.
209, upon which the defendant company relies, is plainly
distinguishable because the person named as the insured
did not own the automobile or know the operator, and he
did not know of or consent to the issuance of a policy in his
name. He was an absolute stranger to the acquisition of
the insurance. He did not enter into any contract with
the insurance company. In the case at bar, Stiles, through

Mains in his behalf, voluntarily entered into a contract of insurance with the defendant company.

Since the argument of this case, it has come to the attention of the court that a receiver has been appointed for the company. The decree should be modified by striking out the first and second paragraphs ordering the company to pay the plaintiff the amount of her judgment with interest and costs and substituting therefor the following: "1. That the defendant Canton Mutual Liability Insurance Company is indebted to the plaintiff in the sum of $946.50, being the amount of the judgment outstanding together with interest and costs. 2. That the defendant Canton Mutual Liability Insurance Company is indebted to the plaintiff in the sum of $36.65 as costs in this proceeding," and as thus modified is affirmed with costs.

*Ordered accordingly.*