SADIE GREENBERG *vs.* JOHN J. FLAHERTY, JUNIOR, &
another
(and companion cases [1]).

Suffolk.   November 17, 1939. — May 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Insurance,* Motor vehicle liability, Cancellation, Estoppel of insurer.
*Estoppel.*

Findings that an agent of an insurance company, in filling out for a cus-
tomer an application for registration of an automobile and the ac-
companying certificate of compulsory motor vehicle liability insur-
ance, stated the applicant's address incorrectly although the agent
was aware that the address disclosed by his files was different, whereby
the insured failed to receive a notice of cancellation of the insurance
later sent him and sufficient to cancel it under G. L. (Ter. Ed.) c. 175,
§ 113A (2), as amended by St. 1933, c. 119, warranted a conclusion
that the insurer was estopped to set up the cancellation as against
one seeking to enforce the policy in satisfaction of a judgment for
personal injuries sustained through operation of the automobile after
the cancellation.

FOUR BILLS IN EQUITY, filed in the Superior Court on
May 16, 1935.

The cases were heard by *Walsh,* J.

*H. C. Mamber,* for the defendant Merchants Mutual
Casualty Company.

*W. G. Ferrin,* for the plaintiffs.

DOLAN, J.   The plaintiffs have recovered judgments
against the defendant Flaherty for personal injuries sus-
tained by them in a collision of automobiles.   They bring
these suits under G. L. (Ter. Ed.) c. 175, § 113, as amended
by St. 1933, c. 119, and c. 214, § 3 (10), to reach and apply
to the satisfaction of the judgments the obligation of the

---

[1] The companion cases were brought against the same defendants, by
Abraham Greenberg, Robert Davis and Lillian Davis, respectively. —
REPORTER.

Merchants Mutual Casualty Company under a compulsory motor vehicle liability policy issued by it to the defendant Flaherty. A stenographer was appointed to take the evidence and in each case the judge made a voluntary report of "all the material facts" found by him, and ordered that a decree be entered that the obligation of the casualty company be reached and applied to the satisfaction of the judgment. Final decrees were entered accordingly, from which the casualty company, hereinafter called the defendant, appealed.

In each case the essential facts found by the judge are as follows: "On May 24, 1934, the defendant Flaherty called at the office of Woodward and Tyler, in Newton, who were licensed agents of the defendant . . . , and consulted an employee of said agents relative to registering and insuring a Buick automobile; he had previously had dealings with these agents, and they issued a policy on a Chevrolet automobile, in 1933. He was given an application blank to be filled out and signed. He signed [the] same, after some talk about the difference in insurance rates between the town of Watertown and city of Newton, he being told that the Watertown rate was six dollars higher than Newton. Said Flaherty at the time, and for some years prior thereto lived at 48 Pearl Street in Watertown . . . . The questions on said application were answered in the handwriting of one Kjoss, the employee, with whom Flaherty consulted, and . . . Flaherty's Massachusetts residential address was given as 48 Pearl Street, Newton, and the municipality, city or town, where [the] vehicle was garaged was also answered Newton. On the following day, the portion of said application blank headed 'Certificate of Insurance,' was filled out by another employee of the agents, in typewriting, and the address was first written as 48 Pearl Street, Watertown, and then 'Watertown' was erased and 'Newton' inserted. This was done, because the address in Kjoss' handwriting on the registration application, did not conform to the address on the index card of . . . Flaherty, which the . . . agents had in their office in connection with previous insurance written for him by the . . . agents. The agents filled out an insur-

ance policy covering 'statutory liability,' procured the registration plates for the vehicle of . . . Flaherty, and his registration certificate, and delivered the same to him on May 26, 1934. The registration certificate and the insurance policy both set forth the address of . . . Flaherty as 48 Pearl Street, Newton. . . . Flaherty was advised that he had a dividend payable to him from his 1933 insurance of three dollars and seventy-five cents, and he paid nine dollars and eighteen cents toward his insurance and registration, and signed a note or notes for the balance due on his insurance." The judge further found that "it was the custom in the office of the agents to aid applicants for registration of motor vehicles, who procured insurance through their office, in filling out the blanks and answering the questions, and that sometimes the applicant signed the application in blank, and sometimes signed after an employee had written the answers to the questions on said application, and occasionally the applicant wrote the answers to the questions and then signed it, and that the same aid was given applicants in answering a questionnaire in connection with application for insurance, which questionnaire was not signed under oath or under the pains and penalty of perjury. . . . Flaherty defaulted in his payments on the note or notes which he signed to pay for the insurance premiums, and on July 11, 1934, the defendant . . . sent by registered post a notice of cancellation of his policy of insurance on his motor vehicle, on a printed form setting forth the reason for said cancellation as 'non-payment of premium.' This notice was sent to 48 Pearl Street, Newton, and the letter was returned by the post office, marked 'unclaimed' and 'unknown.' On the same date a similar notice was sent to the registry of motor vehicles, which department on July 16, 1934, sent to . . . Flaherty addressed to 48 Pearl Street, Newton, a notice of intent to revoke registration of motor vehicle, and later, namely, on July 28, 1934, a notice of revocation of registration was sent by the registrar of motor vehicles to him, at the same address, likewise by registered post, which was returned by the post office marked 'unclaimed' and 'unknown.' None of these letters or notices

were received by . . . Flaherty. He never resided at 48 Pearl Street, Newton, but did reside at 48 Pearl Street, Watertown. On August 12, 1934, the accident occurred, which was the basis of the judgment and execution . . . and on August 13, 1934, the defendant made a report of the accident on a form provided the registry of motor vehicles, in which . . . Flaherty wrote his address as 48 Pearl Street, Watertown, in two different places. On December 30, 1933, he applied for a renewal of license to operate motor vehicles, giving his address as 48 Pearl Street, Watertown. He also signed another statement shortly after the accident, setting forth his address as of the time he applied for registration and insurance in May, 1934, as 48 Pearl Street, Watertown, although at the time he gave this statement he was residing at 221 Warren Street, Allston. [The judge also found] . . . that the defendant Flaherty was not responsible for the address 48 Pearl Street, Newton, being written in his application for registration or application for insurance, but that it was due to error on the part of the agents of the defendant . . . and that no proper inquiry or investigation was made by said agents when there was reason for such to be made after the apparent change in address appeared in the application for registration in the handwriting of their employees, and that such conduct on the part of . . . [its] agents should not operate to defeat the right of the plaintiff." He ruled "that said defendant . . . is estopped from setting up the alleged cancellation of the policy to defeat the rights of this judgment creditor"; "that the licensed agent of the said defendant . . . had ostensible authority to complete the application signed by defendant Flaherty"; and that the "defendant . . . is bound by the acts and conduct of . . . [its] agents in this matter."

Since part of the evidence is omitted from the record we cannot treat the cases as appeals with all the evidence reported (see *Culhane* v. *Foley*, 305 Mass. 542, 543, and cases cited), but must deal with them upon the voluntary reports of facts made by the judge, in each of which he states that the report is of "all the material facts." *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 562. The decrees "must be affirmed if

the conclusions of fact of the trial judge are consistent with the specific facts found by him . . . and these conclusions, in connection with the specific facts found, support the decree[s]." *Goldston* v. *Randolph,* 293 Mass. 253, 255, and cases cited.

St. 1933, c. 119, amending G. L. (Ter. Ed.) c. 175, § 113A (2), provides that "notice of cancellation sent by the company to the insured, by registered mail, postage prepaid, with a return receipt of the addressee requested, addressed to him at his residence or business address stated in the policy shall be a sufficient notice." As the defendant complied with the terms of this statute it must be held, as contended by the defendant, that the policy was cancelled though the insured, Flaherty, did not receive the notice. *Paloeian* v. *Day,* 299 Mass. 586, 588. The determinative question, therefore, is whether, upon the facts found, the insurer is estopped from setting up the cancellation of the policy, to defeat the claims of the plaintiffs to reach and apply the obligation of the defendant thereunder toward the satisfaction of the judgments.

The defendant argues that Flaherty was responsible for the Newton address having been written in his application, and that the conclusion of the judge that this address was inserted by error on the part of the defendant's agents is not supported by the subsidiary findings. The defendant urges that, while Kjoss may have had ostensible authority from it to complete the application which Flaherty signed, its completion by Kjoss in Flaherty's presence and with his consent is in law to be regarded as Flaherty's personal act. Where one person places any writing upon an instrument in the presence of and by the request or consent of another, the writing is deemed in law to be that of the second person. *Gardner* v. *Gardner,* 5 Cush. 483, 484. *Wood* v. *Goodridge,* 6 Cush. 117, 120–121. *Burns* v. *Lynde,* 6 Allen, 305, 310. See also *Bretta* v. *Meltzer,* 280 Mass. 573, 576; Am. Law Inst. Restatement: Agency, § 28 (2), comment e. Ordinarily it is a question of fact whether the person who does the writing has been authorized to do so. *Omaha Flour Mills Co.* v. *Santarpio,* 240 Mass. 375, 377.

.

We are of opinion that the finding of the judge that the defendant was responsible for the insertion of the incorrect address in the application for registering the automobile involved, and in the certificate of insurance, is supported by the subsidiary facts found by him. It is a legitimate inference from all the findings that the card made out in 1933, in connection with the insuring of another motor vehicle then owned by Flaherty, and which bore his correct address, was available to Kjoss when he filled in the application that Flaherty signed on May 24, 1934. The defendant has argued at length that it is not estopped as against Flaherty. But even if that be assumed we are not concerned with it. "The policy in question is not one voluntarily taken, under no compulsion of law, as to which the rights of a person injured are derived from the insured and can rise no higher than his." *Royal Indemnity Co.* v. *Perry,* 296 Mass. 149, 152.

It was the error of the defendant's agents in filling out the application and the certificate of insurance that prevented Flaherty from receiving notice of the cancellation of the policy and of the revocation of the registration of the vehicle. It is not unreasonable to infer that had Flaherty received these notices he would not have been operating his automobile on the public ways when the plaintiffs were injured without obtaining proper insurance and restoration of registration. "The purpose of the compulsory motor vehicle insurance law is not, like ordinary insurance, to protect the owner or operator alone from loss, but rather is to provide compensation to persons injured through the operation of the automobile insured by the owner . . . . the protection of the traveller on the public ways is the fundamental basis of the statute." *Wheeler* v. *O'Connell,* 297 Mass. 549, 553. The defendant must be held to a knowledge of this paramount purpose. Notwithstanding this, though one of its agents or servants, having taken the precaution to check the application with the card relating to the insurance of another automobile by Flaherty in 1933, discerned the discrepancy between the address then given and that inserted by Kjoss in the 1934 application and corrected the

latter application so that it contained the true address, yet prior to the issuance of insurance and the registration, the details of which the defendant's agents arranged, without any investigation by the defendant the address on the 1934 application was again changed by the defendant's agents, and the error of Kjoss repeated with the consequences before recited.

In these circumstances we think it must be held, as ruled by the judge, that the defendant is estopped to avail itself of the fact of cancellation as against the plaintiffs. *Royal Indemnity Co.* v. *Perry,* 296 Mass. 149. *Caccavo* v. *Kearney,* 286 Mass. 480, 485. *Wheeler* v. *O'Connell,* 297 Mass. 549, 554. *Paloeian* v. *Day,* 299 Mass. 586. *Fallon* v. *Mains,* 302 Mass. 166, 168.

*Decrees affirmed with costs.*