CLAYTON WESTGATE & another *vs.* THE CENTURY
INDEMNITY COMPANY.

Bristol.    April 10, 1941. — June 25, 1941.

Present: FIELD, C.J., QUA, DOLAN, & COX, JJ.

*Insurance,* Motor vehicle liability.  *Motor Vehicle,* "Guest occupant,"
Trespasser.  *Words,* "Guest occupant."

A trespasser standing upon the running board of an automobile was a
"guest occupant" thereof within G. L. (Ter. Ed.) c. 90, § 34A, as
amended by St. 1935, c. 459, and therefore liability to him for personal
injuries due to wanton and wilful conduct of the automobile operator
was not covered by a motor vehicle liability insurance policy issued
to the automobile owner in conformity to that amended section.

BILL IN EQUITY, filed in the Superior Court on October
21, 1940.

The suit was heard by *Baker,* J.

*E. Field,* (*M. R. Bean* with him,) for the defendant.

*J. Lipsitt,* for the plaintiffs.

Cox, J.  This case presents the question as to the mean-
ing of the words "Guest occupant," or "guest occupant of
such motor vehicle," as found in St. 1935, c. 459, amending
G. L. (Ter. Ed.) c. 90, § 34A.

From the report of the material facts made by the trial
judge, based upon findings made by agreement of the par-
ties and constituting all the material facts, it appears that
about January 1, 1939, the defendant issued a motor ve-
hicle liability policy as defined in said § 34A, as amended,
to one Barnes.  This policy, in the form prescribed and
approved by the commissioner of insurance, did not cover
indemnity for, or protection to, the insured, or any person
responsible for the operation of his motor vehicle with his
express or implied consent, against loss by reason of lia-
bility to pay damages to any "guest occupant of such
motor vehicle," as defined in said § 34A, as amended.  On
April 1, 1939, the motor vehicle in question was being oper-

ated by one with the express or implied consent of the insured, said policy being then in full force and effect. One of the plaintiffs in this suit, a boy eight years of age, was upon the running board of the automobile without the invitation of the operator, and, as it appears, clearly against his will. The operator started the automobile, and, as found by the judge of the District Court who tried the actions against the operator of the automobile brought by the father of the boy for consequential damages and in behalf of the boy, as a result of the operator's wanton and wilful act, the boy was injured. Judgment was entered in each action, both of which remain unsatisfied in whole or in part. This suit is brought to reach and apply the proceeds of the liability insurance policy in question. (G. L. [Ter. Ed.] c. 175, § 113, and c. 214, § 3 [10].) The trial judge ruled that the boy was not a "guest occupant" of the automobile and that the judgments obtained were covered by the motor vehicle liability policy in question. A final decree was entered establishing the indebtedness of the operator and ordering the defendant to pay the amount thereof. The defendant appealed.

The law relating to compulsory motor vehicle liability insurance, now appearing in G. L. (Ter. Ed.) c. 90, §§ 34A–34J, was first enacted by St. 1925, c. 346. It was therein required, among other things, that the liability which must be insured against was that to pay damages to others for bodily injuries, including death, sustained by "any person," with certain exceptions which are not material to this case. (§ 34A.) See St. 1930, c. 340, § 1. In this respect the law was unchanged until the passage of St. 1935, c. 459. In July of that year, the Governor sent a message to the Legislature in which he recommended the adoption of a law making provision for the repeal of the "guest clause" in motor vehicle liability policies. The bill that was reported as a result of this recommendation (House 2279) provided for the insertion, after the paragraph defining the word "Certificate," the following new paragraph: "'Guest', any person, other than an employee of the owner of a motor vehicle or of a person responsible for its operation with the

owner's express or implied consent, being in or upon, entering or leaving the same, except a passenger for hire in the case of a motor vehicle registered as a taxicab or otherwise for carrying passengers for hire." Further provision was made for the insertion of the above quoted words in the paragraphs of said § 34A defining "Motor vehicle liability bond" and "Motor vehicle liability policy," and also in § 34D. It is unnecessary to trace the course of this bill in its passage by the Legislature. But it is to be observed that at some time the word "Guest" was changed to read "Guest occupant," so that when St. 1935, c. 459, "An Act eliminating compulsory motor vehicle insurance for the benefit of guests of persons whose liability is covered thereby," was passed and declared to be an emergency law, it contained the words "Guest occupant" or "guest occupant of such motor vehicle." It was thereby enacted that those words shall have the following meaning: ". . . any person, other than an employee of the owner or registrant of a motor vehicle or of a person responsible for its operation with the owner's or registrant's express or implied consent, being in or upon, entering or leaving the same, except a passenger for hire in the case of a motor vehicle registered as a taxicab or otherwise for carrying passengers for hire."

It is apparent that the Legislature has defined the words "guest occupant" and "guest occupant of such motor vehicle" in language unmistakably plain, not only as to words, but also as to their meaning. At the time of the passage of the act in question, we think it was generally understood that the relationship of host and guest depended upon the existence of some invitation, express or implied, see *Massaletti* v. *Fitzroy*, 228 Mass. 487, and that it did not involve the payment of any compensation by the so called guest. This, of course, has no reference to the use of the word guest in connection with innkeepers, where the relationship is regulated largely by statute. The Governor, in his message to the Legislature, pointed out the great cost involved in 1934 in the payment of claims under the "so-called guest clause." He recommended the repeal of the "guest clause," with the result that the act was

passed by which it was provided, among other things, that insurance against liability to a "guest occupant" was no longer compulsory.

In *Wheeler* v. *O'Connell*, 297 Mass. 549, 553, it was said, in substance, that the purpose of the compulsory motor vehicle insurance law was not, like ordinary insurance, to protect the owner or operator alone from loss, but rather to provide compensation to persons injured through the operation of the automobile insured.   The *Opinion of the Justices*, 251 Mass. 569, 596, was referred to, where it was said, in substance, that the requirement for security for payment of claims arising out of motor vehicle injuries sustained on highways found its most important justification in the great uncompensated damage then caused by motor vehicles to innocent travellers upon the public ways.   And the fact was alluded to that it had been pointed out by this court in many cases that the protection of travellers upon the public ways is the fundamental function of the statute. In *Ruel* v. *Langelier*, 299 Mass. 240, 243, it was pointed out that the definition of "guest occupant," inserted by said St. 1935, c. 459, merely affects the scope of compulsory insurance coverage, and does not purport to change established principles of liability for negligence.

Clearly, the minor plaintiff in the case at bar was a trespasser as to the automobile in question.   In no ordinary sense could he be considered a guest of the operator. The Legislature must be held to have been familiar with the law as to the duty one owes to a trespasser.   *Barry* v. *Stevens*, 206 Mass. 78.   *Gallagher* v. *O'Riorden*, 208 Mass. 275.   See *Theriault* v. *Pierce*, 307 Mass. 532, 534, 535. At first thought, it may seem that the Legislature could not have intended to adopt a definition of the words "guest occupant" so as to include a trespasser, or, for that matter, a bank robber who, after having killed someone jumps upon the running board of an automobile.   But where the language used by the Legislature is so plain, as it is here, there is no room for speculation.   As was said in *Fox* v. *Standard Oil Co. of New Jersey*, 294 U. S. 87, 96, "In such circumstances definition by the average man or even by the

ordinary dictionary with its studied enumeration of subtle shades of meaning is not a substitute for the definition set before us by the lawmakers with instructions to apply it to the exclusion of all others. . . . There would be little use in such a glossary if we were free in despite of it to choose a meaning for ourselves." There is no ambiguity in the language of the statute in question. If an attempt be made to ascribe a different meaning to the words used from that prescribed by the Legislature, we would immediately find ourselves in the dilemma of trying to determine what the Legislature did mean. And so we revert to the language of the statute and find that a "Guest occupant" or "guest occupant of such motor vehicle" is "any," that is, any one, "person," that is, a human being spoken of indefinitely, other than a person or persons plainly described by the remaining words of the definition, "being in or upon, entering or leaving the same [motor vehicle]." This is a case where there is no room for judicial interpretation of anything but plain, homely words of the English language used by the Legislature, which must be presumed to have intended what they so plainly said. Although it may seem strange to classify a trespasser as a "guest occupant," there is nothing anomalous or unreasonable in a statute which, by the use of this classification, has the effect of excluding from the special benefits of the compulsory liability insurance law trespassers as well as those who in the popular sense of the word are considered as guests.

The case of *Wheeler* v. *O'Connell*, 297 Mass. 549, was decided on June 29, 1937. It was there held that one who recovers a judgment for injuries caused by wilful, wanton and reckless conduct of the operator of a motor vehicle, without negligence or gross negligence, was entitled to enforce a policy of motor vehicle liability insurance issued under the then § 34A. See *Greenberg* v. *Flaherty,* 306 Mass. 95, 100; 111 Am. L. R. 1043. If there was any thought prior to the *Wheeler* decision that the statute as to compulsory motor vehicle liability security should not be construed as including liability for injuries due to a wilful wrong, it was there definitely settled that it should be. It is to be observed

that there has been no change in the definitions inserted in § 34A by St. 1935, c. 459.

It follows that the liability that resulted in the judgments was not covered by the insurance policy in question, in that the minor plaintiff was a "guest occupant" of the motor vehicle. The decree that was entered is reversed, and a new decree dismissing the bill with costs is to be entered.

*Ordered accordingly.*