*Western District*

# No. 141

# MANUEL MAIA
## v.
# UNITED STATES FIDELITY
# & GUARANTY CO.

Argued: January 27, 1975. Decided: July 28, 1975.

Case tried to *Donohue, J.* in the District Court of Holyoke, Number: R-121-73.

Present: *Dudley, P.J., Cimini, Gould, JJ.*

**Gould, J.** This is an action of contract in which it is alleged that on January 1, 1972, the defendant issued a motor vehicle insurance policy #XM2728009, insuring plaintiff's interest in an automobile against all damage thereto, caused by collision; that on November 11, 1972 the plaintiff sustained damage to said automobile by virtue of a collision; and that due notice of the loss was given to the defendant by the plaintiff but the defendant refused to pay the plaintiff for said loss. The defendant's answer set forth a general denial and that the policy was not in force at the time when the plaintiff's loss occurred. The trial court found in favor of the plaintiff, in the amount of $1,300.00, and the defendant claimed a report to the Appellate Division claiming to be aggrieved by the finding, and by the denial of his requests for rulings.

From the facts contained in the report, the plaintiff obtained collision insurance on April 6, 1972, covering a Pontiac Grand Prix motor vehicle, from the Forrest Insurance Agency, and the premiums therefor were financed by the Instant Insurance Financing Company. (Instant). In financing said premiums he also executed a so-called "Budget Agreement & Assignment", whereby, he gave Instant an irrevocable power

of attorney, to cancel said insurance on his behalf upon his failure to pay the installments, when due.

On October 20, 1972, the plaintiff was in arrears in the amount of $141.89 to Instant, and in accordance with the purported power of attorney, Instant sent a certified letter, containing a notice of cancellation, to the plaintiff at 213 State Street, Ludlow, Massachusetts 01056. The certified letter was post-marked October 20, 1972, and a copy thereof was forwarded to the defendant.

The plaintiff did not actually receive the notice of cancellation, for he had moved prior to the date of the collision. On November 9, 1972, the defendant, in accordance with the notice of cancellation, purported to cancel said policy, and mailed a statement to the plaintiff.

The plaintiff gave notice of the collision to his agent, the Forrest Insurance Agency, on the Monday following the collision. Subsequently the defendant refused to pay the claim, because of the purported cancellation by the Instant.

At the conclusion of the evidence, the defendant filed requests for rulings, as follows:

1. Where a policy of motor vehicle liability insurance was cancelled by a person having power of attorney from the plaintiff, there is no burden on the part of the defendant to give a ten day notice of cancellation.

2. On all the evidence most favorable to the plaintiff, the defendant says that the plaintiff has failed to proved that the defendant had failed to comply with the terms of policy No. XM 2728009.

3. The plaintiff had failed to prove that the policy No. XM 2728009 had not been cancelled in accordance with Chapter 90, Section 34 (k).

The court denied each of the requests.

Accompanying the report filed with the appeal of this matter was a group of exhibits. Among these exhibits was the Instant "Premium Budget Agreement and Assignment", which contained a usual form of power of attorney, authorizing and empowering the finance company, under Massachusetts statutes, to be appointed as a true and lawful attorney for the plaintiff, to execute and deliver all documents and perform all acts necessary or appropriate to effect cancellation of the policies.

This financing and budgeting agreement referred to a policy #XM 1728009 effective April 6, 1972. Also filed as an exhibit was the cancellation notice addressed to the plaintiff as the assured, in which a request was made to the defendant insurer, requesting cancellation of policy #XM 1728009, and was signed in behalf of the plaintiff by an authorized official of the Instant, and who was designated as attorney for the plaintiff. This notice was dated October 20, 1972, and it purported to request an effective cancellation date of November 9, 1972. There was no recital in the report indicating whether or not a copy of this notice was mailed to the insurer, nor was there contained on the cancellation notice, a specific reason for the cancellation other than a notation on the top of the notice, indicating a balance due of $141.89. Also appended to the report as an exhibit, was a photostat copy of a purported statutory motor vehicle liability policy.

It was obviously intended to affix a copy of the plaintiff's policy to the report, but the policy which was appended was in error, and was that of an individual completely unrelated to the case at bar. This defect has hampered and delayed the work of the Appellate Division in determining the issues raised herein.

After some period of delay, the Appellate Division, by agreement of counsel, was furnished with the face page of a photocopy of a Massachusetts Motor Vehicle Liability - Physical Damage Policy issued to Manuel

Maia [the plaintiff] by the defendant. This policy was the usual statutory form compulsory motor vehicle liability policy, and included as an endorsement therein, the property damage protection for the insured, which is the basis of this action. The policy was effective January 1, 1972, and ran for the period to January 1, 1973, and was designated as policy #XM2-728009, and in the explanation of the policy it was designated as renewing policy #XM1-728009.

The issues raised on this appeal appear to be well covered by the provisions of G.L.c. 175, §113A (2) which provides for the cancellation of such policies by any insurance premium financing agencies duly licensed under the provisions of G.L.c. 255-C and also by the provisions of G.L.c. 90, §34K, relating to cancellation of motor vehicle liability policies under a power of attorney.

Chapter 175, §113A provides that no cancellation shall be effective unless the finance agency has forwarded to the Registrar of Motor Vehicles a notice of the particular motor vehicle registration on which the insurance is intended to be cancelled. That section further provides that if the reason for cancellation is for non-payment of premiums, the notice of cancellation shall state the amount of the deficiency owed to the company, and in substance that the cancellation will not be effective if the insured pays the full amount of such deficiency on or prior to the effective date thereof.

Here, no such statements were included on the said notice, in the form contemplated by the statute. Also the provisions of G.L.c. 90, §34K requires that the notice to the insurance company of the cancellation of such a policy, shall be accompanied by a statement of compliance with that statute, and if so filed, the insurance company may rely on such statement.

Since the defendant insurance company is a party to this action, it had the opportunity to present evidence

that such a statement was in fact filed, by the financing agency, and from the report, there was nothing to indicate that such a statement was actually filed in conformity with the requirements of G.L.c. 90, §34K.

The present issue appears further to be governed by the rulings in *White v. Edwards,* 352 Mass., 655, which was a similar case purporting to be a cancellation of a compulsory motor vehicle liability policy, in pursuance of a power of attorney granted to a finance company, and in that matter, the court indicated that the cancellation notice was ineffective because it did not give a specific reason for such cancellation and that it is not unjust to invoke strict construction against the insurer, because the insurer had received his premium. The Instant case on this appeal appears to invoke the same construction. The notice sent the plaintiff was erroneous in that it did not specifically assign as reasons for the cancellation, and further it listed upon the notice, an erroneous policy number. See also *Strong v. Merchants Mutual Insurance Company,* 1974 Mass. App. Ct. AS 363, 368, wherein the Appeals Court decided the notices of cancellation to be ineffective to cancel the insurer's liability on the policy to the plaintiff, stating that "a notice of cancellation of insurance must be definite and certain. . . . conditions imposed with respect to giving notice must be strictly complied with."

In the light of the conclusions arrived at above, we do not go into the issue of the propriety of the notice which was mailed by the financing agency to the assured, but which was not received by the assured.

In examining the action of the trial court on the defendant's request for rulings there was no error in the denial of request #2 or #3. As to request #1, the court denied the request which in effect sought a ruling that where a policy of motor vehicle insurance is cancelled by a person having a power of attorney

from the assured, there is no burden on the part of the insurer to give a ten (10) day notice of cancellation.

The requested ruling #1, should have been allowed, because there does not appear to be any provision of law requiring a defendant insurer to give a ten (10) day notice of cancellation, where a policy of motor vehicle liability insurance is cancelled by a person having a power of attorney from the assured. However, in view of the findings above, the notice of cancellation filed by the person holding the power of attorney, was deficient in other respects, and even if this ruling had been allowed, the finding would have been proper, therefore, there appears to have been no prejudicial error in the denial of this request by the court, and in the light of the findings made above, we therefore rule as follows:

**No prejudicial error found, report dismissed.**