WILLIS H. GULESIAN *vs.* LAWRENCE SENIBALDI & another.

Suffolk.     February 8, 9, 1934. — February 2, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Insurance,* Cancellation, Motor vehicle liability.     *Notice.*

A notice of a proposed cancellation of a policy of compulsory motor vehicle liability insurance, sent to the insured and to the registry of motor vehicles by the insurer, was *held* not to satisfy the requirements of G. L. (Ter. Ed.) c. 175, § 113A (2), and not to have been effective to cancel the policy, in that the name of the insured in the policy was "Senibaldi," while the name stated in the notice was "Senebaldi," and the registration number of the motor vehicle covered by the policy was not stated in the notice.

BILL IN EQUITY, filed in the Superior Court on August 23, 1932, and described in the opinion.

The suit was heard by *Weed,* J. Material facts found by him are stated in the opinion. From a final decree for the plaintiff, the defendant insurance company appealed.

*R. H. Lee,* for the defendant Glens Falls Indemnity Company.

*L. S. Nicholson,* for the plaintiff.

PIERCE, J. This is a bill in equity under G. L. (Ter. Ed.) c. 175, §§ 112, 113, and c. 214, § 3 (10), to reach the obligation of the defendant insurance company under a compulsory motor vehicle liability insurance policy, issued to the defendant Senibaldi, and to apply such obligation to the satisfaction of a judgment recovered by the plaintiff against the defendant Senibaldi.

It was agreed "that the defendant Senibaldi and his automobile were involved in an accident on August 20, 1931, in which the plaintiff suffered personal injuries for which

on May 28, 1932, he recovered the judgment described in paragraph 3 of the bill of complaint; that Senibaldi's automobile and its registration number were as described in paragraph 1 of the bill; and that on or about April 3, 1931, the defendant insurance company had issued a liability policy with respect to said automobile complying with the provisions of the compulsory insurance act."

The report of facts discloses that Senibaldi arranged for said policy through the William A. Muller Investment Corporation and gave it a note for the premium of $39.60, dated April 3, 1931, payable $3 down, and the balance in five instalments of $7.32 each, the first payable April 10, 1931, and monthly thereafter. Senibaldi made the April and May payments but no other payments. The policy had been deposited with said corporation as collateral security for the payment of said note "with express and irrevocable power, in case of any default on the part of the maker . . . hereof, to cancel said policies in the name and stead of the insured." Upon default in the June instalment, said corporation on June 18, 1931, turned the policy over to the defendant insurance company for cancellation. On June 19, 1931, the latter sent by ordinary mail a cancellation notice in a form prescribed by the registry of motor vehicles to said registry and like notice to Senibaldi addressed to him at his address given in the "Declarations" that form part of the policy. In these notices, Senibaldi is spelled "Senebaldi"; the policy and automobile are described correctly but the registration number is not stated, although a blank space for this information headed "Registration No." appeared in the form prescribed by the registry and employed by the insurer; the effective date of cancellation stated was "July 5, 1931," and the reason for cancellation given was "at the request of the assured." The trial judge found "as a fact that the notices of cancellation were received respectively by the registry and Senibaldi on June 20, 1931"; that no "'notice of intent to revoke,' and no notice of revocation of, Senibaldi's registration was given him by the registry until December 2, 1931"; that on "that date such notices were sent him, the first dated

June 20 and notifying him that by law the registrar is 'required to revoke the registration of motor vehicle . . . [description of make, type and engine number] unless on or before July 4 you file with the Registrar . . . an application for registration . . . accompanied by a certificate as defined in Section 34A (G. L. c. 90), or a complaint as specified in Section 113D, Chapter 175 is filed,' and the second dated July 5 notifying him that the registration of his motor vehicle (Reg. No. 727,450) had been revoked." The insurance policy included, in addition to the express provisions relating to cancellation required by St. 1925, c. 346, and acts in amendment thereof and in addition thereto, under the general heading, "Cancellation," the further provision — "Notice of cancellation sent by registered mail to, or delivered at, the address of the named assured as given in the declarations shall be a sufficient notice."

The judge stated that "The only question at issue between the parties is as to whether or not the policy had been cancelled prior to the accident." He ruled (1) "that notice of cancellation to be effective was not required to be given by the insurer to the insured by registered mail, if mail were employed as the means of giving notice, and that a written notice in the form stipulated was sufficient if received by the insured seasonably"; (2) "that the notice of cancellation above described was given by the insurer to the insured 'at least fifteen days prior to the intended effective date thereof'"; (3) "that the notice of cancellation above described was defective in that the name of the insured was misspelled and it failed to give the registration number of the motor vehicle covered by the policy, and that said notice was not effective in cancelling the policy"; and (4) that, in view of the facts and findings hereinbefore set forth, "the plaintiff is entitled to reach and apply in satisfaction of said judgment debt the obligation of the defendant insurance company to said Senibaldi arising out of said policy." A final decree was issued in conformity with said findings and rulings. The case is before this court on the appeal of the Glens Falls Indemnity Company,

named as defendant herein, from the final decree entered November 13, 1933.

It is provided by G. L. (Ter. Ed.) c. 175, § 113A (2), that "no cancellation of the policy, whether by the company or by the insured, shall be valid unless written notice thereof is given by the party proposing cancellation to the other party and, except when the intended effective date thereof is the date of expiration of the registration of the motor vehicle or trailer covered by the policy, to the registrar of motor vehicles in such form as the department of public works may prescribe, at least fifteen days in each case prior to the intended effective date thereof . . . . "

A notice of cancellation of insurance must be definite and certain. *Bessette* v. *Fidelity & Casualty Co.* 111 Conn. 549, 556. Conditions imposed with respect to giving notice must be strictly complied with. *B. & B. Trucking, Inc.* v. *Home Fire & Marine Ins. Co.* 125 Misc. (N. Y.) 312; affirmed 216 App. Div. (N. Y.) 710; 243 N. Y. 558. See *Michelson* v. *Franklin Fire Ins. Co.* 252 Mass. 336, 340. The notice in the case at bar was not in such form as the department of public works had prescribed, in the following particulars: (1) The correct name of the insured was not given. The insured's name was Senibaldi; the notice had the name "Senebaldi." The name, while perhaps *idem sonans*, was incorrect, and the misspelling of it might mislead the registrar of motor vehicles in checking the registration number of the automobile; (2) no registration number was given though there was a blank space for this information on the prescribed form of notice for cancellation. The necessity of giving the name accurately spelled is apparent in the absence of giving the registration number. The defects in the cancellation notice are of substance, not formal. They are the only method of indexing which the law requires the registrar of motor vehicles to use. G. L. (Ter. Ed.) c. 90, § 2. The purpose of the notice of cancellation of a policy of compulsory motor vehicle liability insurance is to apprise the registrar of motor vehicles that the insurance on a particular automobile registration is intended to be cancelled. The requirement that the notice be given "in such form as the department of public

works may prescribe" is to make possible that the registrar of motor vehicles gets the information he requires. Upon receipt of the "written notice in conformity with" § 113A the registrar of motor vehicles is required to send immediate notice to the insured that his automobile registration will be revoked unless new insurance is obtained. G. L. (Ter. Ed.) c. 90, § 34H. In the instant case the notice given by the insurance company did not give the registrar of motor vehicles the information which he needed, with the result that the registrar was not apprised of the particular automobile registration on which the insurance company intended to cancel the insurance. Under the statutory policy of this Commonwealth an insurance company is not permitted to cancel a policy of compulsory motor vehicle liability insurance without at the same time giving to the registrar of motor vehicles adequate notice, to the end that due and complete revocation of the automobile registration can be given to take effect at the same time. The notice required by the statute was not given in the instant case.

*Decree affirmed.*