VERNON A. WHITE *vs.* PAUL R. EDWARDS & another.

Hampden.   April 4, 1967. — June 7, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& REARDON, JJ.

*Insurance,* Cancellation, Motor vehicle liability insurance.

A notice of cancellation of a policy of compulsory motor vehicle liability
insurance, given to the insured, the insurer, and the Registrar of Motor
Vehicles in conformity to G. L. c. 90, § 34K, by a finance company hav-
ing a power of attorney from the insured to cancel the policy, was in-
effective for failure to state "the specific reason or reasons for such
cancellation" as required by c. 175, § 113A (2), as amended through
St. 1956, c. 191, § 1.

BILL IN EQUITY filed in the Superior Court on October 5,
1964.

The suit was heard by *Pillsbury, J.*

*Edward V. Leja* for the defendant General Accident Fire
and Life Assurance Corp., Ltd.

*Norris E. Dibble* for the plaintiff.

WHITTEMORE, J.   This is a bill in equity under G. L.
c. 175, §§ 112, 113, and c. 214, § 3 (10), to reach and apply a
Massachusetts compulsory motor vehicle liability policy is-
sued by the defendant insurance company to the defendant
Edwards, in payment of a judgment obtained by the plain-
tiff against Edwards.   The facts are not in dispute.   The
final decree ruled that the policy was in effect on Decem-
ber 15, 1961, the date of the accident, and ordered that the
defendant insurer pay the plaintiff accordingly.

The issue is whether a cancellation notice sent on Novem-
ber 10, 1961, to Edwards, to the insurer, and to the Regis-
trar of Motor Vehicles was effective, in accordance with its
terms, to cancel the policy on December 5, 1961.   The no-
tice was given by Hadley Finance, Inc. (Hadley) which held
Edwards' note of April 14, 1961.   The note appointed
Hadley as Edwards' attorney to "affect [*sic*] any change
and/or cancellation of the within policies either directly or

through the insurance company . . . and to give or receive such notice as is required by law." The notice was given for nonpayment of the instalment due on the note November 1, 1961. Edwards made the overdue payment on November 17, 1961, thus completing his payments. The insurer physically cancelled the policy. Hadley sent a prorated return premium check to Edwards. The check was not cashed.

General Laws c. 175, § 113A (2), as amended through St. 1956, c. 191, § 1, provides, so far as relevant, that "no cancellation of the policy, whether by the company or by the insured, shall be valid unless written notice thereof is given by the party proposing cancellation to the other party giving the specific reason or reasons for such cancellation and to the registrar of motor vehicles . . . at least twenty days in each case prior to the intended effective date thereof . . . ."

General Laws c. 90, § 34K (inserted by St. 1960, c. 360), provides: "No power of attorney in connection with the cancellation of a motor vehicle liability policy as defined in section thirty-four A shall be exercised until ten days' notice has been given to the policyholder by registered or certified mail, return receipt requested, by the person or corporation exercising the power of attorney, and a statement signed under the penalties of perjury has been filed with the registry of motor vehicles certifying that said notice has been sent to the policyholder. Notice to the insurance company of the cancellation of such a policy by a person or corporation exercising the power of attorney shall be accompanied by a statement of compliance with this section, and the insurance company may rely upon such statement."

The notice of cancellation recited that it was done "in behalf of the assured" and certified, as required by G. L. c. 90, § 34K, that the required ten day notice had been given to the assured.

There was, of course, no interest of the assured or of Hadley in having the policy cancelled on December 5, 1961,

after the final instalment on the premium note had been paid on November 17. We are not in this case concerned with whether Hadley, having acted in behalf of the assured in giving the cancellation notice (*Chamberlain* v. *Employers' Liab. Assur. Corp. Ltd.* 289 Mass. 412, 416) and having received the payment which that notice was calculated to induce, was under an obligation to take steps, or to advise Edwards that he should take steps, to overcome the effect of the cancellation notice.

We agree with the judge below that the notice of November 10, 1961, was ineffective because it did not give the ''specific reason . . . for such cancellation'' as required by G. L. c. 175, § 113A (2). We disagree with the insurer's contention that § 113A (2) is not intended to apply to notices to the insurer. The absence of interest in the insurer, or of a statutory right to take steps to prevent cancellation, does not surely make inconsequential its knowledge of the reason for the cancellation. Internal administrative procedures in the twenty day interval before the effective date of the notice could vary depending on whether the cancellation was because of the placing of other insurance, or intention not to keep the automobile in operation, or, as here, because the finance company had not been paid. In the latter case, the possibility of payment before the expiration of the twenty day period might suggest a special filing or processing routine.

However that may be, the protection of travelers is a fundamental purpose of the statute. *Wheeler* v. *O'Connell,* 297 Mass. 549, 553. The requirement of a statement of reasons makes less likely unintentional or mistaken action, even by the assured. We deem this a case for the application of the rule that in the cancellation of insurance '' [c]onditions imposed with respect to giving notice must be strictly complied with.'' *Gulesian* v. *Senibaldi,* 289 Mass. 384, 387. It is not unjust to invoke strict construction against this insurer. The insurer had received its premium and nothing suggests that Hadley, having on November 17, 1961, received all it was entitled to, could, as against

the insurer, have kept the return premium. Compare *Paloeian* v. *Day,* 299 Mass. 586. In that case the premium was received by the insurer itself after the notice but before the effective day so that the cancellation notice was void. Of course, the receipt by Hadley was not receipt by the insurer, but, in settling the respective equities, that receipt may not be overlooked.

We think that G. L. c. 90, § 34K, did not operate to exclude the applicability of G. L. c. 175, § 113A (2). Section 34K gives a specific protection to the policyholder; it does not imply that when the finance company purports to act under § 113A (2) it need not conform thereto.

*Final decree affirmed with costs of appeal.*