MARION FIELDS & another[1] *vs.* ROBERT PARSONS, JR., & another.[2]

Suffolk.    February 8, 1968. — February 29, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Insurance,* Cancellation, Motor vehicle liability insurance.

A notice of cancellation of a policy of compulsory motor vehicle liability insurance given by the insurer to the insured was ineffective for failure to state "the specific reason . . . for such cancellation" as required by G. L. c. 175, § 113A (2), as amended through St. 1956, c. 191, § 1, where the reason stated in the notice was merely "Misstatements in application to Question 8A."

BILL IN EQUITY filed in the Superior Court on July 24, 1964.

The suit was heard by *Smith,* J.

*Joseph Gorfinkle* for the plaintiffs.

*Charles S. Walkup, Jr.,* for The American Insurance Companies.

KIRK, J.   This is a bill in equity under G. L. c. 175, §§ 112, 113, and c. 214, § 3 (10), to reach and apply a compulsory motor vehicle liability insurance policy issued to the defendant Parsons. G. L. c. 90, § 1A. The defendant insurance company (American) answered that the policy had been cancelled and was not in effect on the date of the accident on which the plaintiffs were injured. The judge who heard the case in the Superior Court on a statement of agreed

[1] Debra McLean, a minor, by her mother and next friend, Marion Fields.
[2] The American Insurance Companies.

facts entered a decree dismissing the bill. The plaintiffs appealed.

The agreed facts are: On July 3, 1963, Parsons registered his automobile with the Registry of Motor Vehicles. The vehicle at the time of registration was insured by American. On July 19, 1963, American sent to Parsons a notice of cancellation by certified mail. The reason given in the notice of cancellation was "Misstatements in application to Question 8A." On July 23, a Notice of Intent to Revoke Registration was sent to Parsons by the registry. The registration was not revoked until October 3. The registration plates have not been returned. On September 1, 1963, the plaintiffs were injured as a result of a collision with the vehicle, which was being driven by Parsons. On March 2, 1964, the plaintiffs recovered judgments for personal injuries against Parsons in the Superior Court and execution issued. No part of these judgments has been paid. American had been duly notified of the collision, of the commencement of the actions, and of the marking for assessment of damages.

The method of cancellation by the insurer of a compulsory insurance policy is prescribed in G. L. c. 175, § 113A (2). The statute provides that no cancellation shall "be valid unless written notice thereof is given by the party proposing cancellation to the other party giving the specific reason or reasons for such cancellation . . . at least twenty days . . . prior to the intended effective date." Strict compliance with these notice provisions is required. *Gulesian* v. *Senibaldi,* 289 Mass. 384, 387. *White* v. *Edwards,* 352 Mass. 655, 657. We think the reason given in the cancellation notice was not sufficient to comply with the statute. It does not inform the insured of the substance of question 8A, of the nature of the "misstatements" discovered, or, indeed, whether the question was included in the application for registration or for insurance. The fundamental purpose of the compulsory insurance statute is the protection of travelers. *Wheeler* v. *O'Connell,* 297 Mass. 549, 553. Had an adequate notice been given to Parsons, he may have found grounds to prevent the cancellation, or have been able

to obtain a new policy of insurance elsewhere. Compliance with the notice requirement is important to the effective administration of the compulsory motor vehicle insurance law since the legislative purpose was to make the validity of the registration coterminous with the maintenance of the minimum security. G. L. c. 90, §§ 1A, 34A, 34B. *O'Roak* v. *Lloyds Cas. Co.* 285 Mass. 532, 536. *Caccavo* v. *Kearney*, 286 Mass. 480, 484. Compliance also serves as a safeguard against unintentional or mistaken action to the detriment of the traveling public and to the insured. See *White* v. *Edwards*, 352 Mass. 655, 657.

The decree must be reversed. A decree is to be entered stating that the policy was in force and effect on the date of the accident, September 1, 1963, and ordering that the defendant insurance company pay to the plaintiffs within the limit of the policy the amounts of the judgments recovered against the defendant Parsons, with interest. The plaintiffs are to have costs of appeal.

*So ordered.*