THOMAS CANAVAN *vs.* THE HANOVER INSURANCE COMPANY & another.

Suffolk.   May 7, 1969. — May 30, 1969.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Insurance,* Cancellation, Estoppel of insurer, Motor vehicle liability insurance.  *Estoppel.*

In a suit in equity to reach and apply the obligation of the insurer under a motor vehicle liability policy in satisfaction of a judgment recovered by the plaintiff for personal injuries sustained through the operation of the insured automobile a few days after the effective date of a cancellation of the policy by the insurer, a conclusion that the insurer was estopped to set up the cancellation as against the plaintiff was warranted by findings of the trial judge in substance that the insured went to an insurance agency, which was not an agent of the insurer, to make application for registration of the automobile, that the agency, in filling out the application for registration, through typographical error inserted an incorrect address of the insured and sent him to the insurer, that upon payment of the premium by a finance company, as noted in the insurer's files, the insurer mailed the policy to the incorrect address and, after its return twice marked "No such number," sent to the incorrect address a statutory notice of cancellation which was likewise returned, that no notice of cancellation was received by the insured, and that at no time after the first return of the policy to it did the insurer make any effort to ascertain the correct address of the insured by an investigation of clues in its possession or otherwise.

BILL IN EQUITY filed in the Superior Court on February 18, 1965.

The suit was heard by *Brogna*, J.

*James F. Lawton, Jr.*, for The Hanover Insurance Company, submitted a brief.

*Thomas B. Shea* for the plaintiff.

WILKINS, C.J. This is a bill in equity to reach and apply a policy of liability insurance covering the operation of a motor vehicle issued by the defendant Hanover Insurance Company (Hanover) to the defendant John F. Graves (Graves). G. L. c. 214, § 3 (10). See G. L. c. 175, § 113. There was a decree for the plaintiff. Hanover alone appealed. The judge made findings, rulings, and an order for decree.

On January 25, 1965, the plaintiff obtained a judgment in an action of tort against Graves, and execution issued. Hanover had issued the policy in 1962 to Graves's father, Lawson T. Graves, covering a Ford sedan. This policy was an assigned risk. In March, 1962, the car was transferred to John F. Graves, whose name was inserted in the policy by amendment. About this time the Graves family moved to 35 B Street, South Boston. No change of address was noted on the policy.

In December, 1962, Graves obtained a Pontiac sedan and applied for 1963 registration plates and insurance to Egleston Insurance Agency in South Boston, which was not an agent of Hanover. The Egleston agent sent him to the Hanover office in Boston with rating form and application for registration which the Egleston agent had filled out. On the application the address of Graves was typed as 35 D Street, South Boston, instead of 35 B Street.

On December 24, 1962, Graves took the application and rating sheet to the Hanover office, at which time his application was completed by an employee of Hanover and the premium paid. A policy was issued to him for 1963. The premium was paid by Forest Finance Company (Forest) and so noted in the file at the Hanover office.

On March 5, 1963, Hanover mailed the policy to Graves at 35 D Street. On March 6 the envelope was returned marked, "No such number." On March 14 Hanover again sent the

policy in an envelope with the typed address 35 D Street. On March 15 this was returned, again with the marking, "No such number." On April 2, 1963, Hanover sent a statutory notice of cancellation[1] giving as reasons, alleged impropriety of registration, unknown address, and failure to notify the company of change of address. This cancellation notice was sent to the insured at 35 D Street and on April 3 was returned, the marking once more being, "No such number." The effective date of cancellation was stated as April 24. No notice of cancellation was received by Graves.

On April 29, 1963, the plaintiff, a pedestrian, was struck by the Pontiac sedan owned and operated by Graves. It is the judgment for that accident for which Hanover now refuses liability claiming that the policy was effectively cancelled on April 24.

The foregoing facts are from the findings of the judge, who also made these further findings. The insertion of 35 D Street was a typographical error made without intent to defraud or mislead, and made no difference in the rate charged. In purporting to cancel, Hanover followed its routine procedure whenever a policy is returned as undeliverable. At no time after March 6 did Hanover make any effort to ascertain the correct address of its insured. In Hanover's files pertaining to Graves are documents, such as his rating sheet, his registration application, and the transfer of the 1962 policy, all of which contain his operator's license number. Also in its files documents showing the transfer of the 1962 policy state that the transferor, Lawson T. Graves, resided at 35 B Street. On May 14, 1963, a pro rata adjustment of the premium was made whereby $151.96 was

---

[1] General Laws c. 175, § 113A (2) as amended through St. 1956, c. 191, § 1, provides in material part: "[N]o cancellation of the policy . . . shall be valid unless written notice thereof is given by the party proposing cancellation to the other party giving the specific reason or reasons for such cancellation . . . at least twenty days . . . prior to the intended effective date . . . and . . . notice of cancellation sent by the company to the insured, by registered mail, postage prepaid, with a return receipt of the addressee requested, addressed to him at his residence or business address stated in the policy shall be a sufficient notice . . . ."

sent by Hanover to Forest. Hanover never tried to ascertain the correct address from Forest.

The trial judge made these rulings. The mere sending of notice of cancellation to the insured by registered mail at the address stated in the policy without making any effort to ascertain the correctness of that address after it knew that the address was incorrect is ineffectual to cancel the policy. Hanover is estopped to avail itself of the fact of cancellation against the plaintiff.

A final decree was entered which ordered that Hanover indemnify the defendant Graves in the sum of $5,000 in partial satisfaction of the Canavan judgment; that Hanover pay interest at 6% on that sum from the date of filing the bill of complaint; that Hanover pay costs; that after these payments are indorsed on the execution, the bill of complaint is to be dismissed.

The case at bar closely resembles *Greenberg* v. *Flaherty*, 306 Mass. 95, where the insured's application was incorrectly filled in by agents of the insurer with the result that the insured never received notice of cancellation. It was held (p. 101) that the cancellation was effective, but that the insurer was estopped to avail itself of that fact.

Hanover contends that in the case at bar the application for registration was prepared by an employee of Egleston, which was not an agent of Hanover but which must have been an agent of Graves, whereas in the *Greenberg* case it was the error of the insurer's agents which prevented the insured from receiving notice. Hanover contends that the findings and rulings that it should have investigated the clues in its possession, which would have led to the discovery of the true address, are not supported by § 113A and do not have any effect on the question of estoppel. We cannot accept these arguments. It is not necessary to look to § 113A because it may be conceded for this purpose that the notice of cancellation may have been effective. There was, however, an estoppel. The contention to the contrary overlooks the fact that the purpose of the compulsory motor vehicle law is the protection of the traveler on the public ways by

providing compensation to persons injured through the operation of an automobile insured by the owner. *Wheeler* v. *O'Connell*, 297 Mass. 549, 553. *Greenberg* v. *Flaherty*, 306 Mass. 95, 100. *White* v. *Edwards*, 352 Mass. 655, 657. *Fields* v. *Parsons*, 353 Mass. 706, 707.

> *Decree affirmed with costs of appeal.*