*Southern Division*

No. 59632

## JOHN ROSS CO., INC.

### v.

## EMPIRE MUTUAL INSURANCE COMPANY

Argued: ———, 1971. - Decided: ———, 1971.

Case tried to *Casey, J.* in the District Court of East Norfolk No. 59632.

**Covett, J.** This is an action of contract to recover the proceeds of an insurance policy for property damage sustained on September 14, 1969, to a 1969 Lincoln two-door hardtop auto-

mobile in the amount of $1,567.58. The answer was a general denial; that the policy was cancelled April 26, 1969; and that there was no contract in existence with the plaintiff on April 26, 1969.

The court found for the defendant.

**At the trial there was evidence tending to show the following:**

(1) The Empire Mutual Insurance Company issued a Massachusetts motor vehicle policy, combination form (including property damage and compulsory liability coverage), Policy Number 1-28-49880, to John Ross Co. Inc., 422 Chestnut Street, Springfield, Massachusetts, on January 1, 1969, for a term of one (1) year. This policy was a rewrite of a previous policy numbered 1-28-34885 with the same company.

(2) Both policies covered a 1969 Lincoln two-door hardtop automobile.

(3) The defendant issued a notice of statutory cancellation of Policy No. 1-28-49880, pursuant to G.L. c. 175, § 113A (2). This statutory cancellation notice did not contain the registration number of the said motor vehicle as is required by law. The notice was admitted into evidence.

(4) Thereafter, on April 1, 1969, the defendant issued a second statutory cancellation notice of Policy No. 1-28-49880, pursuant to G.L. c. 175, § 113A (2) effective *April 26, 1969*. This statutory cancellation notice contained an incorrect **registration number of the said motor vehicle.**

The registration number of the 1969 Lincoln two-door automobile was X3231 and the registration number which was given in the statutory notice of cancellation was that of another commercial vehicle owned by the plaintiff.

(5) The plaintiff owned four (4) motor vehicles at the time it received the second notice.

(6) The plaintiff testified that it received a check from the defendant for an amount that it did not recall, nor did it know what the check was for. The defendant offered no evidence to show what the check was for.

(7) On *September 14, 1969,* the 1969 Lincoln two-door hardtop automobile was damaged. It was agreed that the damage amounted to $1,567.58 and that judgment should issue for that amount in the event the plaintiff prevailed.

(8) Thereafter, notice of the loss was seasonably given the defendant and it declined payment, relying upon the cancellation notice of April 1, 1969, which contained an incorrect registration number.

(9) The plaintiff testified that its insurance agent told it to ignore both notices.

The plaintiff duly made the following requests for rulings:

> 1. On all the evidence, a finding for the plaintiff is warranted.
>
> 2. On all the evidence, a finding for the plaintiff is required.
>
> 3. Notice of cancellation of insurance

is insufficient where no registration number is given or when an incorrect registration number is given. *Gulesian* v. *Senibaldi,* 289 Mass. 384.

The court denied the plaintiff's requests for rulings and filed the following:

I find that the plaintiff received two cancellation notices. The first was dated March 29, 1969 and contained no registration number. The second was dated April 1, 1969 and contained an improper registration number. On both cancellation notices the proper policy number was given. The plaintiff received and accepted a check from the defendant representing return of excess premium for balance of year after cancellation notice. Notice required under Massachusetts General Laws, Chapter 175, § 113A (2) pertained to compulsory motor vehicle liability coverage and not to property damage or collision coverage.

The plaintiff's brief sets forth two issues.

*First,* the plaintiff states that the cancellation notice of April 1, 1969 effective April 26, 1969, was insufficient to cancel the policy because the cancellation notice contained the incorrect registration number.

The necessity of incorporating the registration number in the notice of cancellation of a compulsory liability insurance policy is based on G.L. c. 175, § 113A (2) which provides "that no cancellation shall be valid unless written notice is given by the party proposing cancel-

lation to the other party giving the specific reasons for such cancellation and to the registrar of motor vehicles in such form as he may prescribe''.

The necessity of giving the name accurately spelled is apparent in the absence of giving the registration number. The defects in the cancellation notice are of substance, not formal. They are the only method of indexing which the law requires the registrar of motor vehicles to use. G.L. c. 90, § 2. In *Gulesian* v. *Senibaldi,* 289 Mass. 384, it was held that the notice of a proposed cancellation of the policy of motor vehicle liability insurance sent to the insured and to the registry of motor vehicles by the insurer, did not satisfy the requirement of G.L. c. 175, § 113A (2), and was not effective to cancel the policy, because the name of the insured in the policy was "Sen*i*baldi," while the name stated in the notice was "Sen*e*baldi," and the registration number of the motor vehicle covered by the policy was not stated in the notice.

The Court concluded its decision in the *Gulesian* case by stating "Under the statutory policy of this Commonwealth an insurance company is not permitted to cancel a policy of compulsory motor vehicle liability insurance without at the same time giving to the registrar of motor vehicles adequate notice, to the end that due and complete revocation of the automobile registration can be given to take effect at the same time."

The purpose of the compulsory motor vehicle law is the protection of the traveler on the public ways by providing compensation to persons through the operation of an automobile insured by the owner. *Canavan* v. *The Hanover Insurance Company, et al.,* 356 Mass. 88, 91-92. *Fields* v. *Parsons,* 353 Mass., 706. 707. *White* v. *Edwards,* 352 Mass. 655, 657. *Wheeler* v. *O'Connell,* 297 Mass. 549, 553. Strict compliance with the statutory requirements of cancellation are therefore required. *Fields* v. *Parsons,* 353 Mass. 706, 707. *White* v. *Edwards,* 352 Mass. 655, 657. *Gulesian* v. *Senibaldi,* 289 Mass. 384, 387.

In the present case the plaintiff owned four automobiles, an incorrect registration number in the notice of cancellation might mislead the registrar of motor vehicles in checking his records, therefore, the notice was ineffective. *Gulesian* v. *Senibaldi,* 289 Mass. 384, 387, 388.

 *Second,* two distinct types of insurance were included in the one motor vehicle policy, i.e., compulsory liability coverage and property damage. The separate provisions must be construed with respect to the particular insurance provided. The circumstance that both kinds of insurance are combined in one policy does not narrow, enlarge, nor change the rules of construction which would be applied to the different kinds of insurance if they had been embodied in separate policies. *Cormier* v. *Hudson,* 284 Mass. 231, 234.

. This action is brought to recover damages to the plaintiff's automobile under the property damage or collision provisions of the policy. The property damage portion of the plaintiff's policy with the defendant may be treated as a separate policy with respect to requirements to terminate. See *Ocean Accident and Guarantee Corporation, Limited* v. *Felgemaker et al*, 143 F2d 950, 953; *Cormier* v. *Hudson*, 284 Mass. 231; and *Phillips* v. *Stone*, 297 Mass. 341.

Since we are not concerned with a cancellation of compulsory coverage, the requirements prescribed by G.L. c. 175, § 113A (2), do not apply. *Benoit* v. *Fisher*, 341 Mass. 386, 387; *Insurance Rating Board* v. *Commissioner of Insurance*, 356 Mass. 184, 188.

The registration number of the motor vehicle is not essential nor required by law in the notice of cancellation of non-compulsory motor vehicle liability insurance. The plaintiff's first contention is not sustained.

The plaintiff's second and principal argument is that the property damage portion of a Massachusetts motor vehicle policy in combination form (covering both property damage and compulsory motor vehicle liability coverage) cannot be cancelled by the abortive termination of the compulsory liability coverage.

Where that branch of the policy having to do with compulsory coverage was not cancelled in accordance with the requirements of law, the

optional coverage could be cancelled in accordance with the provisions of the policy. *Ocean Accident and Guarantee Corporation, Limited* v. *Felgemaker, et al.,* 143 F2d 950, 953. The plaintiff has failed to produce any insurance policy provisions, statutes or cases which support his principal contention.

The notice of cancellation contained the correct policy number covering the 1969 Lincoln two-door hardtop automobile. We hold that the property damage or collision coverage was effectively cancelled.

We have considered the plaintiff's requests for rulings and find no error in their denial.

There being no prejudicial error an order should be entered **dismissing the report.**

DAVID H. SILIN
 of Boston for the plaintiff.
JOSEPH T. WOOD AND THOMAS J. NOLAN
 for the defendant.