Fremont-Smith, J.
The plaintiffs, Judith and Lawrence Dyment, brought this action to recover for injuries suffered when an automobile owned by Safeway Leasing, Inc. (“Safeway”) and operated by the defendant Caesar J. Balzotti allegedly struck an automobile driven by Judith Dyment. Defendant Aetna Casualty & Surety Company (“Aetna”) had been the insurer of the Balzotti-driven automobile shortly before the time of the accident. Plaintiffs *106 contend that Aetna’s purported cancellation of the policy prior to the accident was ineffective because it did not comport with the notice requirements of M.G.L.c. 175, so that there was insurance coverage for the accident. The plaintiffs and Aetna each now move for summary judgment on the issue of coverage. For the reasons discussed below, the plaintiffs’ motion is allowed and Aetna’s is denied.
BACKGROUND
The following facts are not materially disputed. In June 1991, Safeway procured a Massachusetts Business Auto Policy from Aetna with effective dates June 15, 1991 to June 15, 1992. On August 5, 1991, Aetna mailed a notice of cancellation of the policy, to be effective on August 27, 1991 to Safeway citing as reason the non-payment of $18,104.23 in premiums. The notice provided that the cancellation would not take effect if the full amount of the arrearage was paid on or before the effective date of cancellation, and stated that “[i)n accordance with the provisions of Section 113A of Chapter 175 of the General Laws ... a notice of this cancellation will be sent to the Registry of Motor Vehicles of the Commonwealth of Massachusetts on the effective date of cancellation stated above.” Contrary to its notice to Safeway, however, Aetna did not wait until the effective date to notify the Registry, but on August 5, 1991, also sent the Registry notice of its intent to cancel the policy effective August 27, 1991. Safeway failed to pay its arrearage, and Aetna can-celled the policy on that date.
On September 11, 1991, Judith Dyment, while operating her motor vehicle, was involved in an automobile accident with Safeway’s car which was operated by Balzotti, and presented a claim to Aetna for her injuries. Aetna denied coverage asserting that Safeway’s automobile insurance had been lawfully terminated pursuant to G.L.c. 175, §113A, on August 27, 1991.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute- and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further], that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “Acomplete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and “mandates the award of summary judgment.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
The issue to be decided is whether Aetna complied with the requirements of G.L.c. 175, §113A(2), when it notified the Registry, 22 days prior to the intended date of cancellation, of its intention to cancel.
General Laws c. 175, §113A(2) provides that a
cancellation shall not become effective unless the company or an insurance premium finance agency licensed under the provisions of chapter two hundred and fifty-five C has immediately upon the intended effective date of the cancellation of the policy whether proposed by the company or by the insured, forwarded to the registrar of motor vehicles a notice, in such form as he may prescribe, containing such information to apprise the registrar of the particular motor vehicle registration on which the insurance is intended to be cancelled.
(Emphasis added.)
It has been a general rule that “in the cancellation of insurance policies, conditions imposed by law with respect to the giving of notice must be strictly complied with if the cancellation is to be valid.” Liberty Mutual Ins. Co. v. Wolfe, 7 Mass.App.Ct. 263, 265 (1979). The notice requirement of G.L.c. 175, §113A is clear and unambiguous; the insurer must forward to the Registry “immediately upon the intended effective date of the cancellation,” a notice of its intention to cancel a policy.
The purpose behind this requirement is apparent when viewed in conjunction with the insurer’s duty to notify the insured at least twenty days prior to the effective date of cancellation, thus providing the insured with at least twenty days to either cure the deficiency or purchase a new insurance policy. G.L.c. 175, §113A(2). The insured is thus made aware by the notice of cancellation that payment of the arrearage up to or on the effective date of cancellation will result in a continuation of the policy, and prevent the revocation of the auto registration by the Registry.
Under Aetna’s erroneous practice of notifying the Registry long before the effective date of termination of a policy, upon the insured’s timely payment of its arrearage on or before the intended effective date, the insurer would have to send an additional notice to the Registry of its altered intention not to cancel the insurance policy in order to prevent the insured’s registration from becoming revoked by the Registry notwithstanding the insured’s full payment of the premiums on or before the intended date of termination. Compliance with the statute’s requirement of notice being forwarded to the Registry on the effective date of cancellation avoids the likelihood of unwarranted revocation of automobile registrations by the Registry.
It is true that a further, equally important purpose of the statutory scheme is to ensure that the Registry will promptly revoke registrations of automobiles on *107 which insurance has been terminated, so as to protect the public from becoming injured by uninsured vehicles. This is the reason why the insurer must give notice to the Registry immediately upon the effective date of cancellation. See Gulesian v. Senibaldi, 289 Mass. 384, 388 (1935), where the Court said that “(cjonditions imposed by c. 175, §113A(2), must be strictly complied with,” and held that “[u]nder the statutory policy of this Commonwealth an insurance company is not permitted to cancel a policy of compulsory motor vehicle liability insurance without at the same time giving to the registrar of motor vehicles adequate notice, to the end that due and complete revocation of the automobile registration can be given to take effect at the same time.” The Court held that the policy involved in that case was not effectively terminated, because “(t]he notice required by the statute was not given in the instant case.”
With the capability existing today for insurance carriers to interconnect their computers with the Registry’s, there would appear to be no practical reason why compliance with the statute cannot achieve both statutory objectives, i.e. non-revocation of auto registrations whenever premiums arrearages have been paid, on or before the intended date of termination, and protection of the public by prompt revocation of registrations whenever premiums remain unpaid on the intended date of termination. See Fields v. Parsons, 353 Mass. 706, 708 (1968), where the Court recognized that strict compliance with the statute “serves as a safeguard against unintentional or mistaken action to the detriment of the traveling public and to the insured.”
Here, because Aetna’s notice of cancellation to the Registry was plainly not forwarded in compliance with the statute, and its notice to the insured was also untruthful, the insurance policy covering the Balzotti-driven automobile was not effectively terminated and remained in effect at the time of the accident. See Fields v. Parsons, supra at 708; Liberty Mutual Ins. Co. v. Wolfe, 7 Mass.App.Ct. 263, 265 (1979). Accordingly, Aetna is obligated to defend and indemnify Safeway according to the terms of the policy.
ORDER
For the foregoing reasons, Aetna’s motion for summary judgment is DENIED, and the plaintiffs’ cross-motion for summary judgment on Count III of the plaintiffs’ amended complaint is ALLOWED.