Cowin, J.
INTRODUCTION
This action is an appeal from the Marlborough District Court by the Middlesex Insurance Company (“Middlesex”), the third-party defendant, from an unfavorable decision by said District Court. The District Court decision was based upon a finding that Middle-sex did not properly cancel the motor vehicle insurance coverage of Robert Steinys (“Steinys”), the third-party plaintiff, because Middlesex did not comply with G.L.c. 175, §113A. The matter is presently before the Court on the cross motions for summary judgment of the third-party plaintiff and third-party defendant.[1]
BACKGROUND
On or about April 9, 1988, the motor vehicle insurance policy issued by Middlesex to Steinys was purportedly cancelled for nonpayment of premiums. Statutory notice of the cancellation was sent to the Registrar of Motor Vehicles (“Registrar”) by Middlesex on March 15, 1988. All parties agree that the cancellation notice sent to the Registrar did not contain the registration number of Steinys’ motor vehicle. They further agree that the issue before this Court is whether the notice of cancellation sent to the Registrar by Middlesex was effective to cancel Steinys’ motor vehicle coverage.[2] Said notice did not contain the registration number of Steinys’ motor vehicle but did, however, contain the vehicle identification number. Middlesex argues that sufficient notice was sent to the Registrar despite the fact that the registration number was lacking.
DISCUSSION
Summary judgment shall be granted if there are no material facts in dispute and if the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 *407 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
The relevant Massachusetts statute concerning effective notice to the registrar provides in pertinent part:
(CJancellation shall not become effective unless the company . . . has, immediately upon the intended effective date of the cancellation of the policy, whether proposed by the company or by the insured, forwarded to the registrar of motor vehicles a notice, in such form as he may prescribe, containing such information to apprise the registrar of the particular motor vehicle registration on which the insurance is intended to be cancelled.
G.L.c. 175, §113A. Steinys argues that without the vehicle registration number, notice was insufficient “to apprise the registrar of the particular motor vehicle registration on which the insurance is intended to be cancelled.” G.L.c. 175, §113A. Steinys cites Gulesian v. Senibaldi, 289 Mass. 384 (1935), for authority that the cancellation is not effective unless the vehicle registration number is provided to the Registrar.
Middlesex argues that Gulesian stands only for the proposition that notice to the Registrar was insufficient in that case both because the insured’s name was misspelled and the Registrar did not have any other information with which to process the cancellation notice and identify the policy being called. In the instant case, the insured’s name was spelled correctly and the vehicle identification number (“V.I.N.”) was provided. Therefore, Middlesex maintains that despite the absence of the registration number, notice to the registrar was sufficient.
The Gulesian case does not support Steinys’ position. The statute does not require the filing of the registration number. It simply requires that the Registrar be apprised of the “particular motor vehicle registration on which the insurance is intended to be cancelled.” The statute does not elucidate the particular items of information to be supplied the Registrar; it simply requires that enough information be supplied to identify the policy at issue. The Registrar is to prescribe the procedure to be used. The procedure includes notice of the registration number. The Registrar’s form is directory only, an aid in enforcing the statute. The question is, thus, whether the statutory objective is met: has the insurance company accurately informed the Registrar of the policy being cancelled? If so, the statutory objective has been satisfied. The vehicle identification number is a method of identifying vehicles. A notice of cancellation sent to the Registrar that properly spells the name of the insured and provides the V.I.N. sufficiently identifies the policy that is being cancelled.
It would elevate form over substance to require the registration number when the V.I.N. and the insured’s name spelled properly are provided. The Registrar can identify the policy being cancelled from that data and that is all that the statute, and Gulesian, require. “The purpose of the notice of cancellation of a policy of compulsory motor vehicle liability insurance is to apprise the registrar of motor vehicles that the insurance on a particular automobile registration is intended to be cancelled.” Id. at 389. That purpose was fulfilled in this case.[3]
ORDER
For the foregoing reasons, it is hereby ORDERED that third-party plaintiff Robert Steinys’ motion for summary judgment is DENIED and third-party defendant, Middlesex Insurance Company’s motion for summary judgment is ALLOWED.

Although no formal motion for summary judgment was filed by the third-party defendant, it did, in its memorandum of opposition to the third-party plaintiffs motion for summary judgment, request that summary judgment be entered in its favor. Developments at the hearing and in a telephone conference subsequent to the hearing were such that the parties accept the proposition that cross-motions are involved.

In a telephone conference following oral argument, both parties agreed that this is the only issue presented by this motion and that the resolution of this issue will resolve the litigation as between Steinys and Middlesex.

This is not to condone Middlesex’s sloppy procedure in improperly completing a routine form.