# RESCRIPT OPINIONS.

NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY vs. NATIONAL CONTINENTAL INSURANCE COMPANY. No. 12-P-1207. August 14, 2013. *Insurance,* Motor vehicle insurance, Notice, Cancellation. *Motor Vehicle,* Insurance. *Registrar of Motor Vehicles. Notice,* Cancellation of insurance.

The question is whether the defendant, National Continental Insurance Company (National), "immediately upon the intended effective date of the cancellation of [an automobile insurance] policy . . . forwarded to the registrar of motor vehicles a notice, in such form as he may prescribe, containing such information to apprise the registrar of the particular motor vehicle registration on which the insurance is intended to be cancelled."[1] G. L. c. 175, § 113A(2), as amended by St. 1990, c. 287, § 1.

The facts are these:[2] National issued a commercial automobile policy to Genivaldo DeSousa on March 7, 2009.[3] On October 13, 2009, National notified DeSousa that the policy would be canceled effective November 3, 2009, at 12:01 A.M. for nonpayment of premiums.[4] DeSousa did not pay. On November 4, 2009, therefore, National notified DeSousa that his policy had been canceled as previously warned. Two days later, on November 6, 2009, National electronically notified the registry of motor vehicles (RMV) (in a form known as a send report) that DeSousa's policy had been canceled effective November 3, 2009. The send report was in the form prescribed by the RMV in the sense that it supplied all the information required by the RMV including, among other things, the correct policy number, vehicle identification number, and license plate number. However, it incorrectly identified DeSousa as a corporation rather than as an individual.[5] Three days later, on November 9, 2009, the RMV electronically notified National of the error (in a form known as a return report). On November 17, 2009, National sent a second send report correctly identifying DeSousa as an individual. The RMV accepted the corrected send report that same day and accepted the cancellation of DeSousa's policy effective November 3, 2009.[6]

A few weeks later, on December 7, 2009, DeSousa was in an accident with

---

[1]The case is on appeal from a grant of summary judgment in National's favor. We review de novo. See *Federal Natl. Mort. Assn.* v. *Hendricks,* 463 Mass. 635, 637 (2012) (standard of review for appeal from summary judgment).

[2]The relevant facts were undisputed, and the judge's statement of them is unchallenged.

[3]The policy was to expire on March 7, 2010.

[4]The balance due was $351.24.

[5]The policy was a commercial policy and DeSousa was a sole proprietor.

[6]National sent another notice to DeSousa on November 24, 2009, stating that his policy had been canceled effective November 3, 2009, at 12:01 A.M.

Eddy Guillaume, who was insured by the plaintiff, Norfolk & Dedham Mutual Fire Insurance Company (Norfolk & Dedham).

Norfolk & Dedham brought the underlying action, pursuant to G. L. c. 175, § 113, and G. L. c. 214, § 3(9), to reach and apply National's policy in payment of a judgment Norfolk & Dedham obtained against DeSousa on behalf of Guillaume, the details of which can be found in the margin.[7]

*Discussion.* National's first notice to the RMV, made within three days of the effective date of the cancellation of the policy, satisfied the requirement that notice be made to the RMV "immediately upon the intended effective date" of cancellation. *McLaughlin* v. *CGU Ins. Co.*, 445 Mass. 815, 816-818 (2006) (notice within three days sufficient under G. L. c. 175, § 113A[2]). The remaining question is whether the first notice complied with the statute's requirement that it be in the form prescribed by the registrar. G. L. c. 175, § 113A(2). We do not read the statute to require that the notice be perfect in order to be timely, although substantive defects in the notice can make it a nullity. See *Gulesian* v. *Senibaldi*, 289 Mass. 384, 387 (1935); *White* v. *Edwards*, 352 Mass. 655, 657 (1967); *Fields* v. *Parsons*, 353 Mass. 706, 707-708 (1968). We need not decide when a notice's imperfections are of a degree that they fail to satisfy the statute. Suffice it to say that the deficiency here (identifying DeSousa as a corporation rather than an individual) was not of that magnitude. There is no allegation or showing that the error interfered in any way with the RMV's ability to "get[] the information [it] requires," *Gulesian*, 289 Mass. at 388, to carry out its functions.[8]

That said, the error was not cured until fourteen days after the effective date of the cancellation of the policy, when National submitted a corrected report to the RMV. It is an open question whether, in a case such as this, insurance is terminated during the gap between the initial (deficient) notice by the insurer to the RMV and the RMV's acceptance of the (corrected) notice. We need not reach that question here because it is an academic one: the accident did not occur until well after the notice had been accepted by the RMV.

In any event, we view the original notice, the response from the RMV, and the corrected resubmission by National as essentially a single transaction for purposes of determining whether notice was timely given to the RMV within the meaning of G. L. c. 175, § 113A(2). The second submission was simply the completion of the notice that had been initiated three days after the cancellation effective date.

*Judgment affirmed.*

*Ralph C. Sullivan* for the plaintiff.
*John B. DiSciullo* for the defendant.

---

[7]National denied coverage to DeSousa. Norfolk & Dedham settled an uninsured motorist injury claim with Guillaume and then filed a subrogated lawsuit against DeSousa, in which it obtained a default judgment in the amount of $14,818.76.

[8]The statute was amended in 1971 to eliminate the RMV's obligation to send a duplicate notice of insurance cancellation to the insured motorist. See St. 1971, c. 939, title. Since then, the purpose of requiring insurers to notify the RMV of a policy's cancellation has been to permit the RMV to notify the motorist of the cancellation of the motor vehicle's registration and of the motorist's right to appeal the cancellation of his insurance. G. L. c. 90, § 34H. The RMV's obligations are designed to further the protection of the motoring public. See *White* v. *Edwards*, 352 Mass. at 657.