Finnerty, J.
The issue presented in this case is whether the appellant automobile insurance company, Progressive Direct Insurance Company (“Progressive”), which issued a binder, is liable to a secured lender, Source One Financial Corporation (“Source One”), for property damage to the collateral that occurred after the insurance company had claimed that the policy was rescinded due to the insured’s failure to pay any premium.
The trial court allowed Source One’s motion for summary judgment against Progressive on Source One’s suit for recovery on a claim under the insurance policy. For the reasons stated herein, we affirm the trial judge’s ruling and dismiss the appeal.[1]
Summary judgment is to be granted when the “pleadings, depositions, answers to interrogatories, and responses to requests for admission ..., together with the affidavits,... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Mass. R. Civ. P., Rule 56(c). Ihe facts are set forth in the parties’ Dist./Mun. Cts. R. A. D. A., Rule 8B, statements.
On January 28, 2013, Progressive issued a ‘Verification of Insurance for Eric Santos,” which was provided to Source One in connection with Source One’s position as first lienholder on the vehicle to be insured. A policy number and effective dates were assigned by Progressive.[2] It is clear from a plain reading of the statute, *168 G.L.c. 175, §113A, that its provisions, including the required cancellation procedure, apply to such binders.
In communications between Progressive and the insured, Eric Santos (“Santos”), Santos acknowledged that if his first electronic premium payment is not honored, Progressive “shall be deemed not to have accepted the payment and this policy shall be void.” He also acknowledged that “the policy may cancel or expire if there are insufficient funds in the account.” Those communications were not shared with Source One.
Santos’s first premium paymentwas dishonored, and on February 8,2013, Source One received a “Notice of Rescission,” dated February 1, 2013, from Progressive and purportedly effective on January 28, 2013. On March 3, 2013, the vehicle that was the subject of the binder was towed as the result of a loss, following which, on March 28,2013, Source One received possession of the vehicle.
Thereafter, Source One filed a claim under the policy, which was refused by Progressive on the ground that the policy had been rescinded. This lawsuit followed.
Progressive argues that since no premium was ever paid, the policy was rescinded as of the day the binder was issued. Source One contends that Progressive did not follow the statutory cancellation requirements and, therefore, the coverage described in the binder remained in effect at the time of the claimed loss.
It is clear from the record that Progressive did not follow the cancellation procedure prescribed by G.L.c. 175, §113A(2). The relevant provisions of the statute state that “no cancellation of the policy whether by the company or by the insured, shall be valid unless written notice thereof is given by the party proposing cancellation ... at least twenty days in each case prior to the intended effective date thereof.” Id. Failure of a motor vehicle insurer to comply with the mandatory provisions of this section renders the attempted cancellation ineffective. Fields v: Parsons, 353 Mass. 706 (1968); Maia v. United States Fid. & Guar. Co., 56 Mass. App. Dec. 28, 32-33 (1975) ,[3] Failure to comply with the requirements for cancellation means that the parties are in the same position as if no notice were ever sent. There is no language providing for rescission of a policy in the statute. It is the general rule that conditions imposed with respect to giving notice of cancellation of insurance must be strictly followed. Fields, supra; White v. Edwards, 352 Mass. 655, 657 (1967). See also Pierce v. Sentry Ins. Co., 12 Mass. App. Ct. 124, 125 (1981).
Progressive argues that the insurance policy was a nullity due to the failure of consideration. In contract law, failure of consideration is a valid defense to enforcement of a contract.[4] The requirement of consideration is satisfied if there is either a benefit to the promisor or a detriment to the promisee. Marine Contrs. Co. v. *169 Hurley, 365 Mass. 280, 286 (1974). Consideration was present at the formation of the contract, the policy here. The promise to purchase the policy made by Santos at the time the binder was issued satisfied that contract law requirement. See Statewide Ins. Corp. v. Dewar, 143 Ariz. 553 (1984).[5] The failure of consideration is not available to Progressive to avoid this policy. The failure of performance, that is, Santos’s failure to pay the promised premium, is different even under contract law than the utter lack of consideration.[6] Progressive points to Santos’s acknowledgment in his application for insurance, which read:
If I make my initial payment by electronic funds transfer, check, draft, or other remittance, the coverage afforded under this policy is conditioned on payment to the Company by the financial institution. If the transfer, check, draft, or other remittance is not honored by the financial institution, the Company shall be deemed not to have accepted the payment and this policy shall be void.
Contractlaw allows the parties to negotiate freely the terms of a contract. However, the statutes applicable to automobile insurance contracts in Massachusetts require such contracts to contain specific language and provide specific coverage.[7] Default in the payment of the premium is specifically addressed in the cancellation requirements, which do not provide for retroactive cancellation of a policy.
Progressive argues that it should have the benefit of rescission or that there was a mutual rescission of the insurance contract by it and Santos. Rescission is an equitable remedy sought for annulling a contract and rendering it as though it did not exist. See RJ. Alperin, Summary of Basic Law §9.34, at 1146 (4th ed. 2006). Rescission is available under circumstances of fraud, accident, mistake, or some type of gross inequity. Id. The record here does not support an argument that there was fraud, an accident, or a mistake, unilateral or otherwise, so “fundamental to the contract as to ‘take[] away its foundation.’” Browning-Ferris Indus., Inc. v. Casella Waste Mgt. of Mass., Inc., 79 Mass. App. Ct. 300, 313 (2011), quoting De Angelis v. Palladino, 318 Mass. 251, 257 (1945). As we have noted, the contractual relationship between the insured and the insurer is bound by the statutes and the regulations of the Division of Insurance.
*170 We therefore hold that Progressive’s failure to follow the statutory cancellation procedure did not result in cancellation of the policy and that the ruling on the motion for summary judgment was correct. The appeal is dismissed.

 Neither Source One’s allowed cross motion for summary judgment nor Progressive’s denied motion for summary judgment are included in the record, but as the parties have set forth the facts and fully briefed the relevant legal issues, and as our review is de novo, see Federal Nat’l Mtge. Ass’n v. Hendricks, 463 Mass. 635, 637 (2012), we address the appeal.

 General Laws c. 175, §113A(6) provides, in part: “Any company authorized to issue motor vehicle liability policies,... may, pending the issue of such a policy, execute an agreement, to be known as a binder, which shall during such time provide indemnity or protection in like maimer and to the same extent as such a policy. The provisions of this section shall apply to such binders....”

 See also the regulations of the Massachusetts Division of Insurance at 211 CMR §97.03, implementing the cancellation procedures provided for under the statute.

 ‘“[F]ailure of consideration’ simply refers to the failure of a party, after a contract has been validly formed, to render the promised performance, making the contract unenforceable.” H.J. Alperin, Summary of Basic Law §5.17, at 964 (5th ed. 2014). The term should not be confused with “lack of consideration for the contract” making a contract void. Id.

 Each party has cited in its argument cases relating to cancellation of automobile insurance from other jurisdictions. While helpful in crystallizing the issues presented in this case, each jurisdiction has its own statutoiy scheme, and Massachusetts jurisprudence is sufficient for our resolution of this dispute.

 “The term ‘failure of consideration’ is confusing and ought to be replaced by ‘failure of performance.’” H.J. Alperin, supra at §5.17, at 964 n.25, citing Restatement (Second) of Contracts §237 comment a (1981), and J.M. Perillo, Calamari and Perillo on Contracts §11.21 (6th ed. 2009).

 The terms and conditions of Massachusetts automobile insurance policies are mandated by the Commissioner of Insurance. See G.L.c. 175, §113A; G.L.c. 90, §34A et seq.; Commerce Ins. Co. v. Koch, 25 Mass. App. Ct. 383 (1988).